## KNOX v. THE STATE.

The filing of a remittitur from the Supreme Court in the office of the clerk of a
trial court immediately reinvests it with jurisdiction for all purposes over the
case to which such remittitur relates, though good practice requires that the
trial court cause the remittitur to be entered upon its minutes.

(a) If, where a new trial has been granted by the Supreme Court, the remittitur
is not so entered before the new trial is had, it is proper to pass a nunc pro
tunc order directing that the remittitur be entered as of the date when that
trial began.

(b) While the practice of promptly having remittiturs entered upon the minutes
of trial courts should be followed, and in so doing trial courts should pass
such orders as are appropriate to effectuate the judgments of the Supreme
Court, an order formally making a judgment of that court the judgment of
the trial court is not an indispensable prerequisite to proceeding with a new
trial when, under the judgment of the Supreme Court, a new trial is to be
had. LITTLE, J., dissenting.

Argued June 17,—Decided July 20, 1901.

Motion to arrest judgment.    Before Judge Russell.    Franklin
superior court.    March 30, 1901.

*A. G. McCurry* and *W. R. Little*, for plaintiff in error.    *J. M.
Terrell*, attorney-general, and *C. H. Brand*, solicitor-general, contra.

LUMPKIN, P. J.    At the March term, 1900, of the superior court
of Franklin county, Ed Knox was found guilty of the crime of
murder.    He made a motion for a new trial, which was overruled,
and he excepted.    On November 30, 1900, this court rendered a
judgment reversing that of the trial court. See 112 *Ga.* 373. The
remittitur was duly transmitted to the clerk of the court below and
received by him.    On December 21, 1900, in vacation, he entered
the remittitur upon the minutes of that court. At the March term,
1901, thereof, Knox was again tried, found guilty, and sentenced.
He thereupon filed a motion in arrest of judgment, on the ground
that the judgment of the Supreme Court had never by any order
of the superior court been made its judgment.    The judge of that
court passed an order, reciting the facts above mentioned as to the
receipt by the clerk of the remittitur, and providing that the judg-
ment of the Supreme Court be made the judgment of the superior
court.    This order also embraced a direction that it be entered upon
the minutes as of the date when the last trial began.    The motion
in arrest of judgment was then overruled, and Knox sued out a

59

bill of exceptions, alleging that the court erred in passing the nunc pro tunc order just mentioned, and also in overruling his motion in arrest of judgment.

We are of the opinion that no error was committed. All jurisdiction of this court over the case was at an end after the remittitur therefrom had been filed in the office of the clerk of the court below. *Zorn* v. *Lamar*, 71 *Ga.* 85; and see Legg *v.* Overbagh, 4 Wend. 488, 21 Am. Dec. 155. It was, of course, essential that, before taking any further steps in the case, the trial court should have been officially informed of the judgment which had been rendered by this court. The Civil Code, § 5597, points out the manner in which a trial court is to be apprised of the decision of this court in any given case, viz.: that such decision "shall be certified by the clerk [of this court] to the court below, under the seal of the Supreme Court." This section further declares that after the decision has been so certified, it "shall be respected and in good faith carried into effect by the superior court." The 35th rule of this court is based upon the section of the code just cited. Section 5134 declares that: "When any cause shall be sent back to the superior court by the Supreme Court, the same shall be in order for trial." It is certainly safe to say that a case is "sent back" when the remittitur from the Supreme Court reaches the hands of the clerk of the trial court. The case starts on its journey back to the court from whence it came to the Supreme Court when the remittitur is transmitted by the clerk of this court, and the journey is completed when that remittitur is lodged with the official custodian of the trial court who is authorized to receive the document. That custodian is the clerk of that court, and none other. "If the judgment below is affirmed, upon filing the remittitur with the clerk of the superior court in vacation, the supersedeas shall cease, and execution shall issue at once for the amount of the original judgment." Civil Code, § 5598. This very clearly indicates that the "filing of the remittitur with the clerk of the superior court" is all that is necessary to restore to that court jurisdiction over the case; for, in the absence of such jurisdiction, any action taken by its clerk with reference to issuing an execution upon "the original judgment" would be wholly nugatory. "All cases decided by the Supreme Court, which are not finally disposed of by such decision, shall stand for further hearing at the term next ensuing after the

·decision of the Supreme Court, unless the lower court be in ses-
sion when such decision is made, in which event they shall stand
for trial during such term of the lower court" (§ 5490); and "the
·clerk of the lower court in which a remittitur is entered shall docket
the case immediately after the other cases then pending in his court
which stand for trial at the term above fixed" (§ 5491), to the end
that another hearing may be had in conformity to the judgment
of the Supreme Court. In the great majority of instances the -
clerk actually receives the remittitur during the vacation of the
trial court. He is nevertheless authorized and directed to imme-
diately "docket the case," acting, not under any order passed in
term by the judge, but solely by virtue of the fact that "a remit-
titur is entered" in the court of which he is clerk. The term "en-
tered," as employed in section 5491, is used in the sense of "filed"
·or "duly deposited." That section can not possibly mean that the
remittitur must be spread upon the minutes before the clerk pro-
·ceeds to "docket the case." On the contrary, it contemplates that
the case shall be immediately entered upon the docket of the trial
·court, in order that the judge, on reaching the case in its regular
order, may dispose of it by carrying into effect the judgment ren-
·dered by this court. If the remittitur be received in vacation, this
much must be done at once, independently of any action taken by
the trial judge in the premises, in order that, as provided by sec-
tion 5490, the case "shall stand for further hearing at the term next
·ensuing after the decision of the Supreme Court." Unless the fil-
ing of the remittitur in the office of the clerk of the lower court oper-
·ates to at once restore to that court its former jurisdiction over the
·case, it ought not to be docketed at all; and the requirement that
it shall "immediately" be docketed when the remittitur is "en-
tered" (that is, filed) conclusively shows the intention of the law-
making power to have been that the trial court should resume juris-
·diction over the case whenever the mandate of this court reaches
it through its duly appointed clerk.

We attach no importance whatever to the fact that in the pres-
·ent case the clerk of the lower court, upon receipt of the remitti-
tur, actually entered it upon the minutes. There being no statute
requiring him to do so, it was perhaps improper for him, in the
absence of an order of court so directing, to take any further action
with respect to the remittitur than to preserve it on file. It is,

however, good practice for the judge to order all remittiturs to be entered upon the minutes, to the end that they may show a complete history of the cases to which such remittiturs relate; and trial courts may and should by appropriate orders effectuate any special directions given by the Supreme Court.   It was eminently proper for the judge to pass the nunc pro tunc order to which exception is taken; for it was his duty to take such action as would make the minutes show what disposition had been made of the case in the Supreme Court.   In this connection see *Armstrong* v. *Lewis*, 61 *Ga.* 680, and *Goldsmith* v. *Georgia Railroad Co.*, 62 *Ga.* 544.

We are aware that it has been the general, if not the universal, custom of trial courts to enter orders in terms declaring that the judgments of this court be made the judgments of those courts; but there is no statutory requirement to this effect.   On the contrary, as we have undertaken to show, the scheme of all the code sections bearing upon this subject seems to be that the resumption of jurisdiction by a trial court follows immediately upon the reception by its clerk of the remittitur from this court.   It is true that in the case of *Hubbard* v. *McCrea*, 103 *Ga.* 680, it was said that the lower court had no jurisdiction to proceed with a new trial thereof until after the remittitur from this court had been "entered upon the minutes of the lower court and made the judgment thereof." It was not, however, essential in that case for any such ruling to be made; for, as disclosed by the opinion delivered by Mr. Justice Little, the fact was that the court below undertook to enter upon the new trial before the remittitur had been filed with its clerk; that is to say, before that court had any official information whatever as to the action which had been taken in the case by the Supreme Court.   The use of the language quoted doubtless grew out of the fact, well known to the writer of the opinion and to all of us, that the practice of entering remittiturs upon the minutes of the trial courts of this State and making them the judgments thereof had long prevailed.   It is to be noted, however, that this language was not used relatively to any such question as that with which we are now dealing.   That case was decided March 23, 1898. On the next day this court, in *Lyon* v. *Lyon*, 103 *Ga.* 747, held that a new hearing in a case which had been brought here " could not lawfully be had before the remittitur from this court had been filed in the office of the clerk of the court below."   The opinion in the

latter case was delivered by the same Justice, who remarked (page 751) that the judge of the superior court "had no power whatever to proceed with a new interlocutory hearing of the cause before the remittitur from this court, reversing the judgment rendered on the former interlocutory hearing, had been filed with the clerk below; and good practice would also require that this remittitur should also have been entered upon the minutes and made the judgment of the lower court, if practicable." The second headnote in the case of *Wiggins* v. *Tyson*, 112 *Ga.* 745, clearly indicates that "the reception of the remittitur" by the clerk of the trial court is all that is needed to invest it with full authority to enforce a judgment of affirmance. Said Mr. Justice Little (pages 748−9): "The method of conveying to the superior court . . the information that this court had affirmed its judgment was by a remittitur, the transmission of which is regulated by statute and the rules of this court. It is true that until this writ is received, the superior court can take no further action."

Now for the first time, so far as we are informed, this court has before it for decision the question whether or not the filing of a remittitur with the clerk of a trial court is, without more, sufficient to reinvest that court with jurisdiction over a case, the exercise of which had been suspended by suing out and prosecuting the writ of error. After due investigation and reflection, we now definitely rule that it is not a condition precedent to a trial court entering upon another hearing ordered by this court that the remittitur should, by a formal order, be entered upon the minutes of the court below and made the judgment thereof. The motion in arrest of judgment with which we are now dealing rests solely upon the ground that, in the absence of such an order, the superior court of Franklin county had no jurisdiction over the case. If it did not acquire jurisdiction by the filing of the remittitur in the clerk's office, it was without authority to take any steps in the case, and had no more right to pass an order formally making the judgment of this court its judgment than it had, without so doing, to proceed with the trial. In other words, if the filing of the remittitur in the office of the clerk did not operate to reinvest the superior court with jurisdiction to again try the case, it could not have been lawfully docketed, set for a hearing, or called for trial; nor had the court any power to deal with it for any purpose. On the other hand, if the filing of the

remittitur with its clerk gave to the court power to again entertain jurisdiction of the case for any purpose, it thereby acquired full ju- risdiction over the case for all purposes.    It would be an anomaly to hold that a trial court could, by passing an order which adopted as its own the judgment of any other court, thus confer upon itself jurisdiction of a case over which it would otherwise have no juris- diction at all.    We do not see our way clear to so hold.

*Judgment affirmed.    All the Justices concurring, except Little, J., who dissents.*