## 74823. PROCTOR v. THE STATE.
(362 SE2d 108)

SOGNIER, Judge.

Proctor was convicted of possession of a firearm by a convicted felon, and he appeals.

1. In his first two enumerations of error appellant contends the trial court erred by failing to limit the jury's consideration of appellant's prior felony conviction to proof that appellant was a convicted felon, and thereafter charging the jury that a witness' testimony can be impeached by proof of a felony conviction. He also contends the trial court erred by placing appellant's character in issue by instructing the jury that the prior felony conviction, admitted solely to show that appellant was a convicted felon, could also be used to impeach appellant's testimony. As to appellant's latter contention, the court did not instruct the jury that evidence of appellant's prior conviction could be used to impeach his testimony. Rather, the trial court gave a general charge on impeachment, applicable to *all* witnesses. This court cannot consider factual representations in a brief which are not supported by the record. *McCutchen v. State*, 177 Ga. App. 719, 722 ·(3) (341 SE2d 260) (1986).

In regard to appellant's contention that the trial court erred by failing to limit the jury's consideration of appellant's prior felony conviction to proof that appellant was a convicted felon, without stating what the underlying felony had been, OCGA § 24-9-20 (b) provides, in pertinent part: "Evidence of prior felony convictions may be admitted in those cases where the prior felony convictions are alleged in the indictment, as provided by law. . . ." The indictment in this case alleged that appellant had been convicted previously of burglary and

entering an automobile; thus, it was not error to admit evidence of prior convictions for those two offenses. OCGA § 24-9-20 (b), supra; *Prather v. State*, 247 Ga. 789, 790 (2) (279 SE2d 697) (1981).

As to appellant's argument that it was error to charge that a witness may be impeached by proof of a prior felony conviction, that argument has been decided adversely to appellant. *Grant v. State*, 163 Ga. App. 775 (296 SE2d 110) (1982).

2. Appellant asserts error in the court's failure to charge on circumstantial evidence when there was no direct evidence of appellant's guilt. However, appellant made no objection and reserved no exception to the charge on the ground stated in this enumeration. "Asserted errors in charges which were not raised when the trial court asked for [exceptions], and which were not reserved, are waived." *Wright v. State*, 182 Ga. App. 570 (1) (356 SE2d 531) (1987).

3. Lastly, appellant alleges error by the trial court in denying his motion for a directed verdict of acquittal, based on the equal access rule. However, we have searched the transcript and find no motion for a directed verdict of acquittal by appellant. Accordingly, there is nothing for us to review. See *Hudson v. State*, 175 Ga. App. 692 (1) (334 SE2d 20) (1985).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 6, 1987 —
REHEARING DENIED OCTOBER 21, 1987 —

*Drew R. Dubrin, Chandelle Turner*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Chris Jensen, Benjamin H. Oehlert III, Assistant District Attorneys*, for appellee.