## A91A1161. CHAMBERS v. THE STATE.
(410 SE2d 771)

BIRDSONG, Presiding Judge.

Donovan Chambers appeals his judgment of conviction of one count, respectively, of armed robbery, possession of a firearm during commission of a felony, driving without a license, and possession of a firearm by a convicted felon, and the sentence.

Appellant filed a motion to suppress, a hearing was conducted, and on August 22, 1989, the trial court granted the suppression motion. The State appealed, and we reversed the trial court's order. *State v. Chambers*, 194 Ga. App. 609 (391 SE2d 657). Allegedly over objection of counsel, on March 5, 1990, the trial court called this case for trial, and the trial began that day. The jury returned its verdict on March 7, 1990, and sentencing proceedings were held on March 20, 1990. This court issued its remittitur on March 20, 1990, although its opinion in *State v. Chambers*, supra, had issued earlier on February 9, 1990, and motion for rehearing had been denied on February 22, 1990. The remittitur was received and filed in the office of the clerk of the superior court on March 22, 1990. *Held:*

1. Appellant, citing *Nave v. State*, 171 Ga. App. 165 (3) (318 SE2d 753) and *Talley v. City Tank Corp.*, 158 Ga. App. 130 (1) (279 SE2d 264), asserts that at the time of trial, "the trial court did not have jurisdiction of this matter" as the remittitur of this court had not been filed with the clerk of the lower court until after the trial was completed. See generally, OCGA § 5-6-10.

We agree that at the time this trial was held, the superior court technically lacked the requisite jurisdiction. *Hubbard v. McCrea*, 103 Ga. 680 (1) (30 SE 628). Any proceeding so conducted "is coram non judice," and the resulting want of jurisdiction cannot be waived by conduct of counsel so as to give effect to the void judgment (*Lyon v. Lyon*, 103 Ga. 747, 751 (2) (30 SE 575)). However, upon subsequent filing of the remittitur in the office of the clerk of the superior court, the court would reacquire jurisdiction of the case. *Marsh v. Way*, 255 Ga. 284 (1) (336 SE2d 795); *Hagan v. Robert & Co. Assoc.*, 222 Ga. 469 (150 SE2d 663). "The filing of a remittitur . . . in the office of the clerk of a trial court immediately reinvests it with jurisdiction *for all purposes* over the case to which such remittitur relates, though good practice requires that the trial court cause the remittitur to be entered upon its minutes." (Emphasis supplied.) *Knox v. State*, 113 Ga. 929 (39 SE 330). "If, where a new trial has been granted . . . the remittitur is not so entered before the new trial is had, it is proper to

pass a nunc pro tunc order directing that the remittitur be entered *as of the date when that trial began*." (Emphasis supplied.) *Knox*, supra at 929, hn. (a). We find the precedent of *Knox* dispositive of the issue before us. Moreover, the trial court's issuance of a nunc pro tunc order "as necessary in aid of its jurisdiction" is a proper exercise of constitutionally granted judicial power. Ga. Const. of 1983, Art. VI, Sec. I, Par. IV. Accordingly, we will remand this case for issuance by the trial court of the necessary nunc pro tunc order in accordance with the procedure outlined in *Knox*.

2. Appellant asserts the trial court erred by granting the State's motion to present evidence of similar transactions and by allowing evidence of appellant's prior conviction for three counts of armed robbery to be introduced at trial. Pretermitting the question of whether appellant's prior felony conviction could be admitted as evidence of a similar crime (see generally *Brown v. State*, 197 Ga. App. 155 (398 SE2d 34)) is the issue whether any other legitimate basis existed for the introduction of the prior conviction evidence at trial. If evidence qualifies for admission under any legitimate evidentiary theory, it should be admitted even if it would not so qualify under some other evidentiary rule. *Boatright v. State*, 192 Ga. App. 112, 116 (6) (385 SE2d 298).

Appellant had been indicted on several counts, including that of possession of a firearm by a convicted felon in that he had been convicted in 1987 of the felony of armed robbery in the State of Florida. "Evidence of prior felony convictions may be admitted in those cases where [as here] the prior felony convictions are alleged in the indictment, as provided by law." OCGA § 24-9-20 (b); *Proctor v. State*, 184 Ga. App. 602 (1) (362 SE2d 108). "[Appellant's] previous felony conviction was one of the elements of the offense defined by Code Ann. § 26-2914 [OCGA § 16-11-131] which the State was required to prove beyond a reasonable doubt in order to substantiate the jury's verdict finding him guilty of possession of a firearm by a convicted felon." *Prather v. State*, 247 Ga. 789, 790 (2) (279 SE2d 697). Thus, appellant's character was not impermissibly placed in issue when the court admitted evidence of the previous armed robbery conviction. *State v. Santerfeit*, 163 Ga. App. 627 (295 SE2d 756). Neither did the trial court "err by admitting into evidence [a] certified cop[y] of felony conviction[] of appellant. The state was not required to show the validity of the prior felon[y], as [it was] introduced to prove a necessary element of the crime of possession of a firearm by a convicted felon." *Best v. State*, 261 Ga. 30, 31 (4) (401 SE2d 732). This enumeration is without merit.

3. Appellant asserts the trial court erred by allowing into evidence certain items seized as the result of an illegal search and seizure contrary to the trial court's order suppressing such evidence and prior

to the time the trial court had official notice from this court that such evidence was to be admissible. Appellant in his brief specifically argues that the trial court allowed the very evidence to be admitted which it had earlier suppressed at a time when the court had no jurisdiction to take such action, and thus did so contrary to its own order. The evidence was admissible and the trial court originally erred in granting appellant's motion to suppress. *State v. Chambers*, supra. Even granting that the trial court lacked technical authority to admit evidence during the trial of this case because this court's remittitur had not been duly filed in the lower court, this matter can be cured and this issue rendered moot upon the filing of the nunc pro tunc order discussed in Division 1 above.

*Judgment vacated and remanded with direction. Pope and Cooper, JJ., concur.*

DECIDED SEPTEMBER 6, 1991 —
RECONSIDERATION DENIED SEPTEMBER 19, 1991 —

*J. Kelly Brooks, John B. Adams*, for appellant.
*Harry D. Dixon, Jr., District Attorney, Deborah M. Perlis, Lucy Bell, Assistant District Attorneys*, for appellee.