S92G0082. CHAMBERS v. THE STATE.
(415 SE2d 643)

FLETCHER, Justice.

We granted a writ of certiorari to the Court of Appeals to determine whether a trial court has jurisdiction to take any action in a case prior to receiving the remittitur from the appellate court. We hold that a trial court does not and, accordingly, reverse the holding of Division 1 in *Chambers v. State*, 201 Ga. App. 245 (410 SE2d 771) (1991).

Chambers was indicted in 1989 for a number of offenses. His motion to suppress certain evidence was granted by the trial court. Upon appeal by the state, the Court of Appeals issued its decision, on February 9, 1990, in *State v. Chambers*, 194 Ga. App. 609 (391 SE2d 657) (1990), holding that the trial court had erred in granting the motion to suppress. Chambers filed a motion for reconsideration which was denied on February 22, 1990 and, on March 2, 1990, he filed a notice of intention to apply to this court for a writ of certiorari.

Although the Court of Appeals had not issued the remittitur, the trial court commenced Chambers' trial on March 5, 1990. The trial resulted in a guilty verdict on March 7, 1990. Thirteen days later, the Court of Appeals issued the remittitur which was received by and filed in the clerk's office of the trial court on March 22, 1990.

Chambers filed a motion for new trial contending that the trial court lacked jurisdiction because the trial commenced before the remittitur had even been issued from the Court of Appeals. The motion for new trial was denied and, upon appeal, the Court of Appeals affirmed the judgment of the trial court.

1. The Court of Appeals correctly recognized that:

> the superior court technically lacked the requisite jurisdiction [at the time of Chambers' trial]. [Cits.] Any proceeding so conducted "is coram non judice," and the resulting want of jurisdiction cannot be waived by conduct of counsel so as to give effect to the void judgment. [Cits.]

*Chambers v. State*, supra, p. 245. That court also correctly pointed out that the subsequent filing of the remittitur in the clerk's office of the trial court reinvested the trial court with jurisdiction over the case.[1]

2. In *Knox v. State*, 113 Ga. 929 (39 SE 330) (1901), we held that an appellate court's jurisdiction over a case "[is] at an end after the remittitur therefrom [has] been filed in the office of the [court below]" and "that the resumption of jurisdiction by a trial court follows immediately upon the reception by its clerk of the remittitur from [the appellate] court." *Knox*, 113 Ga. at pp. 930, 932.

We have recognized that the better practice is for the court below to take no action in the case until the remittitur has been received, filed, *and* entered on the minutes of the court. *Lyon v. Lyon*, 103 Ga. 747, 751 (30 SE 575) (1898). However, where the appellate court has issued the remittitur and it has been received and filed in the clerk's

---

[1] Typically, there is a two-step procedure followed by a trial court with a remittitur from an appellate court: first, the remittitur issued by the appellate court is received and filed in the clerk's office and, second, the remittitur is entered upon the minutes of the trial court.

office of the court below, the trial court then has jurisdiction to take further action in the case. This is true, even though the remittitur may not yet have been entered upon the court's minutes, because entry of the remittitur may be accomplished by a nunc pro tunc order.

3. Here, when Chambers' trial commenced on March 5, 1990, jurisdiction of the case was still in the Court of Appeals as that court had not yet issued the remittitur. Accordingly, the trial court did not have jurisdiction of the case when it proceeded to trial and Chambers' subsequent conviction is void.[2]

*Judgment reversed. All the Justices concur.*

DECIDED MAY 1, 1992.

*John B. Adams,* for appellant.
*Harry D. Dixon, Jr., District Attorney, Lucy J. Bell, Assistant District Attorney,* for appellee.

---

[2] Should the state elect to try the case again, double jeopardy will not be an issue as the trial which commenced on March 5, 1990 was a nullity.