A91A1161. CHAMBERS v. THE STATE.
(420 SE2d 393)

BIRDSONG, Presiding Judge.

In *Chambers v. State,* 201 Ga. App. 245 (410 SE2d 771), the trial court erroneously commenced trial before this court had issued remittitur. Accordingly, we vacated the judgment of the trial court and ordered the case be remanded with direction that a necessary nunc pro tunc order be issued in accordance with the procedure of *Knox v. State,* 113 Ga. 929 (39 SE 330) to reinvest the trial court with the requisite jurisdiction over the proceeding. In *Chambers v. State,* 262 Ga. 200 (415 SE2d 643), the Supreme Court reversed our judgment and the holding of Division 1 of our opinion and concluded that the trial court lacked jurisdiction of the case when it proceeded to trial and that Chambers' subsequent conviction is void.

The Supreme Court also noted that, as the trial which commenced on March 5, 1990, was a nullity, double jeopardy will not be an issue if the State elects to try this case again. Additionally, as said trial has been rendered a nullity, the alleged errors in that proceeding, addressed in Divisions 2 and 3 of our opinion, no longer constitute viable appellate issues; and this court does not render advisory opinions. Accordingly, our original judgment is vacated, the judgment of the Supreme Court is made the judgment of this court and the judgment of the trial court is hereby reversed.

*Judgment reversed. Pope and Cooper, JJ., concur.*

DECIDED JUNE 1, 1992.

*Adams & Brooks, J. Kelly Brooks, John B. Adams*, for appellant.
*Harry D. Dixon, Jr., District Attorney, Lucy J. Bell, Assistant District Attorney,* for appellee.