### S01A1431. DAVIDSON v. CALLAWAY.
(559 SE2d 728)

SEARS, Presiding Justice.

This Court granted an earlier application for discretionary appeal in this domestic relations matter, and remanded for the trial court to clarify its basis for an award of attorney fees. On remand, the trial court explained that it awarded fees to appellee because he prevailed at trial. Appellant has now brought a direct appeal from that ruling, claiming error. As explained below, however, we cannot reach the merits of appellant's argument, because this matter must be dismissed for failure to follow the mandatory discretionary appeal procedures of OCGA § 5-6-35.

After the parties' divorce, ex-wife Lisa Davidson filed a motion with the trial court, claiming that the increased income of her ex-husband, Kenneth Callaway, warranted an upward modification of his child support obligations. Kenneth answered, claiming that his income had actually decreased since the couple's divorce. Kenneth counterclaimed for a reduction in child support payments, and also sought attorney fees. A trial was held, at which Kenneth did not assert his claim for a downward modification, and that issue was not submitted to the jury. Kenneth did, however, reserve his claim for attorney fees before the verdict was announced. The jury found that no upward modification was warranted, and that Kenneth's support payments should remain unchanged.

---

The trial court then granted Kenneth's request for attorney fees, and ordered Lisa to pay approximately two-thirds of those fees. Lisa sought a discretionary appeal from that ruling to this Court. We granted Lisa's application, and at that same time we remanded the matter for the trial court to clarify its factual and legal bases for the award of attorney fees.[1]

On remand, the trial court entered an order explaining that Kenneth's counterclaim for a downward modification had been effectively abandoned when it was not pursued at trial. Therefore, the only issue remaining in the case at trial was Lisa's claim for increased child support payments. Since the jury did not award an increase, the trial court reasoned that an award of attorney fees to Kenneth was authorized under OCGA § 19-6-19 (d)[2] because he was the prevailing party. Lisa now appeals directly from that ruling, claiming that Kenneth's counterclaim was not abandoned at trial.

As a preliminary matter, we are obligated to consider whether this Court has jurisdiction to consider Lisa's appeal,[3] which was filed directly from the trial court's most recent ruling. As noted above, the ruling was issued after this Court granted Lisa's application for a discretionary appeal and remanded the matter for the trial court to clarify why it awarded fees. After the trial court made its clarification, Lisa did not file a second application for a discretionary appeal. Rather, she has appealed the clarification order directly to this Court.

It is axiomatic that an appellate court's jurisdiction over a particular case "is at an end after the remittitur therefrom has been filed in the office of the court below and . . . the resumption of jurisdiction by a trial court follows immediately upon the reception by its clerk of the remittitur from the appellate court."[4] Accordingly, when this Court remanded this matter to the trial court for clarification of its reasons for awarding attorney fees and the remittitur was received by the clerk of the trial court, our jurisdiction over this appeal ended. When it remanded, this Court did not retain jurisdiction over this matter, and once the remittitur was returned to the trial court this matter again became a claim for attorney fees within the sole jurisdiction of that court.

Our case law is very clear that in all domestic relations cases, an

---

[1] This Court granted Lisa's application and remanded this matter with the same written order.

[2] OCGA § 19-6-19 (d) provides: "In proceedings for the modification of alimony for the support of a spouse or child . . . the court may award attorney's fees, costs, and expenses of litigation to the prevailing party as the interests of justice may require."

[3] See *Sprayberry v. Dougherty County*, 273 Ga. 503 (543 SE2d 29) (2001).

[4] *Chambers v. State*, 262 Ga. 200, 201 (415 SE2d 643) (1992), quoting *Knox v. State*, 113 Ga. 929 (39 SE 330) (1901) (punctuation omitted.).

appeal from an award of attorney fees must come to this Court via the discretionary appeal procedures set forth in OCGA § 5-6-35.[5] When appealing from an award for attorney fees, the failure to comply with the discretionary appeal procedures requires that the appeal be dismissed by this Court.[6] There is no exception to the requirements of OCGA § 5-6-35 that excuses an appellant from following the discretionary appeal procedures merely because the ruling being appealed was issued by the trial court on remand rather than on its first appearance in the trial court. In matters arising from divorce, the filing of a previous application for a discretionary appeal does not relieve an appellant from following the statutory appeal procedures for all subsequent issues sought to be appealed arising from that same matter.[7]

Therefore, because appellant did not file an application to appeal, this matter must be dismissed.

*Appeal dismissed. All the Justices concur.*

DECIDED FEBRUARY 11, 2002 —
RECONSIDERATION DENIED MARCH 11, 2002.

*William J. Mason*, for appellant.
*Harp & Associates, B. Seth Harp, Jr., Stacy C. Bondurant*, for appellee.

---

[5] *Sprague v. Sprague*, 253 Ga. 485 (321 SE2d 742) (1984). See McConaughey, Ga. Divorce, Alimony & Child Custody, § 13-4.1 (2001) ("Any and all matters incident to a divorce are subject to the discretionary appeal procedure."). See, e.g., *Gay v. Gay*, 268 Ga. 106 (485 SE2d 187) (1997) (discretionary application granted to consider, among other things, award of attorney fees in contempt action arising from a divorce); *Keeler v. Keeler*, 263 Ga. 151 (430 SE2d 5) (1993) (discretionary application granted to consider award of attorney fees in action seeking modification of child support payments).

[6] *Sprague*, 253 Ga. at 485; McConaughey, supra, § 13-4.1. We also note that this Court has dismissed numerous identical cases by unpublished order.

[7] *Levison v. Levison*, 247 Ga. 667 (278 SE2d 409) (1981).