## A02A1048. ST. PAUL REINSURANCE COMPANY, LTD. v. ROSS et al.
### (561 SE2d 489)

JOHNSON, Presiding Judge.

The threshold issue before us is whether this Court has authority to exercise appellate jurisdiction over this appeal. Because we find that such authority is lacking, the motion for reconsideration of Shirley Ross is granted and this appeal is dismissed.

This Court granted an application for discretionary appeal in a garnishment case concluding that reversible error was likely to exist as Ross appeared to lack standing to bring the garnishment action against St. Paul Reinsurance Company, Ltd. Based on the grant of the application, St. Paul filed a timely notice of appeal and the appeal was docketed as Case No. A01A0250.

Subsequently, this Court determined that certain issues regarding standing had not been adequately presented to or properly ruled on by the trial court and remanded the appeal for its adjudication of these issues. It was our intent that after the trial court ruled on these issues, the case would be returned to this Court for appellate adjudication by the filing of a notice of appeal. But due to clerical error, our order remanding this case omitted the requisite constitutional language that in aid of our jurisdiction would have allowed this case to be returned expeditiously by filing of a notice of appeal.

After the trial court entered its ruling as to standing, St. Paul filed a notice of appeal and the appeal was entered upon our appellate docket as Case No. A02A1048. Because the underlying subject matter of this suit was garnishment and the remand order did not provide for the refiling of the appeal by notice of appeal, this Court entered an order on January 25, 2002, dismissing Case No. A02A1048.

St. Paul filed a timely motion for reconsideration of the order dismissing Case No. A02A1048. At this time, our Court became aware that the clerical omission in the remand order caused a result contrary to our original appellate intent and, finding no authority directly on point, elected by order entered on February 5, 2002, to grant St. Paul's motion for reconsideration and to reenter Case No. A02A1048 upon our appellate docket. This was accomplished by utilizing the inherent and constitutional power of a court to take those acts necessary in aid of its jurisdiction under Art. VI, Sec. I, Par. IV of the Georgia Constitution of 1983.

On February 12, 2002, Ross filed a motion for reconsideration of the order of February 5, 2002, and a concurrent motion to dismiss the appeal in Case No. A02A1048. St. Paul filed a response, and Ross filed a supplemental brief in which both parties addressed the recent holding of the Supreme Court in *Davidson v. Callaway*, 274 Ga. 813 (559 SE2d 728) (2002).

We have examined the able briefs submitted by both parties, and although we find that there are no cases directly on point, we conclude that the rationale in *Davidson v. Callaway* is controlling as to the issue of jurisdiction. In *Davidson v. Callaway*, the Supreme Court granted an application for discretionary appeal in a domestic relations matter, but after the appeal was filed, it remanded the case to the trial court to clarify its basis for an award of attorney fees. The trial court complied with the remand order, and Davidson, rather than filing a second application for discretionary appeal, brought a direct appeal from that ruling. The Supreme Court dismissed Davidson's direct appeal holding that an appellate court's jurisdiction over a particular case is at an end after the remittitur therefrom has been filed in the office of the lower court and expressly stated that when it remanded the matter to the trial court and the remittitur was received by the clerk of the lower court, its jurisdiction over the appeal ended. Id. at 814.

Although the Supreme Court had not decided *Davidson v. Callaway*, supra, when this Court exercised its constitutional power to reenter Case No. A02A1048 upon its appellate docket, it is accepted in Georgia that when no vested rights under prior law will be impaired, an appellate court should apply the law as it exists at the time of its judgment, rather than the previously existing law. *Cheeley v. Henderson*, 261 Ga. 498 (1) (405 SE2d 865) (1991). And, as *Davidson v. Callaway* provides clear guidance regarding the proper disposition of the issue before us, it is no longer appropriate for this Court to invoke its broad power under Art. VI, Sec. I, Par. IV in an attempt to retain jurisdiction over this appeal.

Considering the foregoing, the motion for reconsideration of Ross is granted and the order of this Court of February 5, 2002, reentering Case No. A02A1048 upon the appellate docket is vacated.

*Appeal dismissed. Blackburn, C. J., and Miller, J., concur.*

DECIDED MARCH 11, 2002 —

*Goetz, Tibbs & Zahler, Charles M. Goetz, Jr., Scott M. Zahler*, for appellant.

*Willace D. MaGee*, for appellees.