A11A0694. TAVAKOLIAN et al. v. AGIO CORPORATION et al.
(711 SE2d 33)

MIKELL, Judge.

Previously in this declaratory judgment action, the trial court entered default judgment against Gholamreza Tavakolian and summary judgment against his brother, Hamid Tavakolian. The court assessed attorney fees against both appellants. We affirmed the judgment as to Gholamreza.[1] However, we reversed the judgment as to Hamid because the trial court erroneously found that he had failed to respond to appellees' requests for admissions.[2]

Following our decision, the trial court scheduled a hearing on appellees' petition for declaratory judgment and served Hamid with a rule nisi. Hamid failed to appear at the hearing. The court struck Hamid's answer and permitted appellees to introduce evidence, including expert testimony, which established their right to redeem certain properties from the Tavakolians. The trial court found that

---

[1] *Tavakolian v. Agio Corp.*, 304 Ga. App. 660, 662 (697 SE2d 233) (2010) ("*Tavakolian I*").

[2] Id. at 665-666 (5).

appellees had tendered the proper redemption amount, $18,530.92, into the registry of the court as of September 30, 2002, and that a subsequent conveyance of the properties by Gholamreza to Hamid was void. The court ordered the Tavakolians to execute redemption quitclaim deeds in favor of appellee Agio Corporation and directed the clerk of court to execute such deeds in the event the Tavakolians failed to do so. The Tavakolians appeal. We are constrained to reverse.

1. In their second enumeration of error, the Tavakolians argue that the trial court lacked jurisdiction to enter final judgment on appellees' petition because the remittitur had not been issued. We agree.

A trial court lacks jurisdiction to enter final judgment in a case prior to receiving the remittitur from the appellate court.[3] In the case at bar, *Tavakolian I* was decided on June 2, 2010. Gholamreza filed a motion for reconsideration, which was denied on June 29, 2010. Gholamreza then filed a notice of intention to apply to the Supreme Court of Georgia for writ of certiorari, so we did not issue a remittitur.[4] Nonetheless, the trial court held a hearing on August 16, 2010, and issued its judgment on September 15, 2010. The Supreme Court denied Gholamreza's petition for certiorari on November 22, 2010, and issued the remittitur to this court on December 7, 2010. We transmitted the remittitur to the trial court on December 9, 2010, in accordance with OCGA § 5-6-10.[5]

Appellees argue that the trial court had jurisdiction to hold a hearing and enter a judgment as to Hamid because only Gholamreza filed a petition for a writ of certiorari. Appellees cite no authority for this proposition, however, and our research reveals none. Moreover, the judgment is a final order that affects Gholamreza as well as Hamid, and absent a remittitur filed in the office of its clerk, the trial

---

[3] *Chambers v. State*, 262 Ga. 200, 201 (1) (415 SE2d 643) (1992); cf. *Marsh v. Way*, 255 Ga. 284 (1) (336 SE2d 795) (1985) (trial court reacquired jurisdiction when remittitur was filed with clerk of trial court); *Hagan v. Robert & Co. Assoc.*, 222 Ga. 469, 470-471 (1) (150 SE2d 663) (1966) (same); *Knox v. State*, 113 Ga. 929, 930 (39 SE 330) (1901) (same); *Talley v. City Tank Corp.*, 158 Ga. App. 130, 133 (1) (279 SE2d 264) (1981) (trial court lacked jurisdiction to enter summary judgment prior to receipt of remittitur, but reentry of order after remittitur was issued cured error).

[4] See Court of Appeals Rule 39 (a):

Remittiturs shall be transmitted to the clerk of the trial court as soon as practicable after the expiration of 10 days from the date of the judgment unless otherwise ordered or unless a motion for reconsideration or notice of intention to apply to the Supreme Court of Georgia for writ of certiorari has been filed.

[5] OCGA § 5-6-10 provides:

The decision of the appellate court and any direction awarded in the case shall be certified by the clerk to the court below, under the seal of the court. . . . The remittitur shall contain nothing more, except the costs paid in the appellate court.

court was without power to enter the judgment.[6] Accordingly, the judgment entered on September 15 is a nullity and must be reversed.

> Where a [notice of appeal] has been . . . filed in the clerk's office of the court below, as required by law, in legal contemplation this court acquires jurisdiction of the case; and any further action by the court below therein, until the remittitur from this court is filed in the court below, is coram non judice and void.[7]

2. On the merits, we point out that the Tavakolians are bound by *Tavakolian I*:

> Under OCGA § 9-11-60 (h), "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." The law of the case rule, though formally abolished, still applies to rulings by one of our appellate courts in a particular case; such rulings are binding in all subsequent proceedings in the same matter.[8]

Thus, Gholamreza is precluded from challenging any ruling of the trial court that was affirmed in *Tavakolian I*, as he has attempted to do in this appeal.

*Judgment reversed. Smith, P. J., and Dillard, J., concur.*

DECIDED APRIL 28, 2011 —
RECONSIDERATION DENIED MAY 24, 2011.

Gholamreza Tavakolian, *pro se*.
Hamid Tavakolian, *pro se*.
C. Terry Blanton, for appellees.

---

[6] *Chambers*, supra at 201 (1); cf. *Hagan*, supra at 471.

[7] (Citations omitted.) *Kiser v. Kiser*, 214 Ga. 849, 852 (108 SE2d 265) (1959); accord *Chambers*, supra.

[8] (Punctuation and footnote omitted.) *IH Riverdale v. McChesney Capital Partners*, 292 Ga. App. 841, 843 (666 SE2d 8) (2008).