**FOURTH DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**September 4, 2014**

# In the Court of Appeals of Georgia

A14A0780. ATKINS v. ESTATE OF CALLAWAY.

MILLER, Judge.

Clarence Atkins appeals from the trial court's orders releasing rent money he paid into the court registry and requiring him to pay additional rent money to the Estate of Cason J. Callaway, Jr. (the "Estate") as part of a dispossessory action. Atkins argues that the trial court's orders were issued during the pendency of an appeal and are therefore null and void. We agree and reverse.

The record shows that after Callaway's death, the Estate filed a dispossessory action against Atkins in Harris County. As part of the dispossessory action, the magistrate court ordered Atkins to pay rent into the court registry (OCGA § 44-7-54), and ultimately issued a writ of possession, ordering Atkins off of the property. Atkins appealed the dispossessory order to the superior court. Atkins also filed a Notice of

Claim in probate court against the Estate and demanded an accounting, alleging an oral contract between him and Callaway whereby, in exchange for Atkins's continued work for Callaway, Callaway would deed Atkins a house upon Callaway's death or Atkins's retirement.

The dispossessory action and Atkins's claim against the Estate were consolidated in superior court, and the trial court granted the Estate's motion to dismiss Atkins's claim against the Estate, denied Atkins's request for an accounting, and dismissed Atkins's appeal from the dispossessory action.

Atkins appealed the dismissal of his claims against the Estate in Case No. A13A1579, and the Estate filed a motion in superior court to release the rent money held in the court registry and for continued payment of rent until Atkins's appeal was decided. This Court affirmed the trial court's decision dismissing Atkins's claims. *Atkins v. Estate of Callaway*, __ Ga. App. __ (October 11, 2013) (unpublished). Atkins thereafter filed a motion for reconsideration, which this Court denied. Atkins also petitioned for writ of certiorari, which the Supreme Court denied. *Atkins v. Estate of Callaway*, S14C0502, 2014 Ga. LEXIS 342 (April 22, 2014). This Court issued a remittitur in May 2014.

On October 23, 2013, while Atkins's motion for reconsideration to this Court was pending and well before this Court issued the remittitur, the trial court ordered that all rent monies held in the registry of the court be paid to the Estate and ordered Atkins to pay an additional $2,500 in rent.

1. Atkins appeals from the trial court's orders releasing the rent money and requiring him to pay additional rent, contending that the trial court did not have jurisdiction since the case was still pending on appeal. We agree.

This Court retains jurisdiction in a case until the remittitur is filed in the trial court, at which point the trial court resumes jurisdiction. See *Chambers v. State*, 262 Ga. 200, 201 (1), (2) (415 SE2d 643) (1992). "Under ordinary circumstances, a trial court does not have jurisdiction to take any action in a case prior to receiving the remittitur from the appellate court." (Citation and punctuation omitted.) *Styles v. State*, 245 Ga. App. 90, 91 (537 SE2d 377) (2000). Until the remittitur is issued, the direct appeal is still pending and the superior court is without authority to alter the judgment on appeal. See id.; see also *Tavakolian v. Agio Corp.*, 309 Ga. App. 652, 654 (1) (711 SE2d 33) (2011) (until a remittitur from this Court is filed, any further action by the trial court is void).

Here, Atkins's prior appeal was still pending when the trial court issued its order. Accordingly, the trial court lacked jurisdiction to release the rent monies and to order Atkins to pay additional rent. The Estate concedes that the trial court erred by entering the orders, but nevertheless urges us to affirm the trial court's order on the basis that Atkins can show no harm from the early release of the rent money. This Court, however, cannot ignore the nullity of the trial court's actions. See *Morris v. Morris*, 226 Ga. App. 799, 799-800 (2) (487 SE2d 528) (1997). That is not how this legal process works. Therefore, the trial court's order must be reversed.

2. Since we reverse the trial court's order, we need not consider Atkins's additional arguments that he was constructively evicted and the Estate converted his personal property. Moreover, we note that these arguments were not enumerated as error and such arguments will not be considered on appeal. *Fancher v. State,* 190 Ga. App. 438, 440 (2) (378 SE2d 923) (1989) ("Error argued in the brief, but not enumerated as error, will not be considered on appeal.").

*Judgment reversed. Barnes, P. J., concurs. Ray, J., concurs in judgment only.*