[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13392
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cv-00103-WBH

DARRELL DOLPHY,

Petitioner-Appellant,

versus

WARDEN, CENTRAL STATE PRISON,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 24, 2016)

Before WILSON, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Darrell Dolphy, a Georgia prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 federal habeas petition. The district court found that the petition was untimely filed under the one-year statute of limitations established by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2244(d)(1). Whether Dolphy's petition was timely turns on when his state habeas proceedings stopped "pending" for purposes of AEDPA's tolling provision, 28 U.S.C. § 2244(d)(2). The district court concluded that those proceedings became complete once the Georgia Supreme Court denied Dolphy's application for a certificate of probable cause and the period for seeking reconsideration of that denial lapsed. However, Dolphy argues that his proceedings were pending until the Georgia Supreme Court issued the remittitur for the denial. We agree with Dolphy. Accordingly, we reverse and remand.[1]

## I.    BACKGROUND

Dolphy filed a state habeas petition 280 days after his convictions became final. The state superior court rejected the petition, and Dolphy timely sought review by the Georgia Supreme Court, applying for a certificate of probable cause. The Court denied the application. Dolphy then had 10 days to seek reconsideration of the denial, but he did not do so. Eighteen days after that 10-day period expired,

---

[1] Because reversal is warranted based on our conclusion that Dolphy's state habeas proceedings were pending until the Georgia Supreme Court issued the remittitur for its denial of his request for a certificate of probable cause, we need not address the other "timeliness" arguments that he raises on appeal.

2

the Court issued the remittitur for its denial of Dolphy's application.[2]  Dolphy filed his § 2254 petition 84 days after the Court issued the remittitur.  In considering Dolphy's petition, the district court found that his state habeas proceedings tolled his AEDPA one-year statute of limitations.  However, the court determined that those proceedings became complete once Dolphy's 10-day reconsideration period expired.  Therefore, it held that Dolphy filed his § 2254 petition 17 days after the one-year statute of limitations lapsed.

## II.    DISCUSSION

We review de novo the district court's determination that Dolphy's § 2254 petition was time barred under § 2244(d).  *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002).

Under AEDPA, prisoners like Dolphy have one year from when their convictions become final to file a § 2254 petition.  *See* 28 U.S.C. § 2244(d)(1)(A). This one-year statute of limitations is subject to tolling while "a properly filed application for [s]tate post-conviction" relief is "pending."  *See id.* § 2244(d)(2). Until a state habeas petition "has achieved final resolution through the [s]tate's post-conviction procedures, by definition it remains 'pending.'"  *Carey v. Safford*, 536 U.S. 214, 219–20, 122 S. Ct. 2134, 2138 (2002); *see also Holland v. Florida*,

---

[2] The Georgia Supreme Court must transmit a remittitur to the court from which the case was received "as soon as practicable after the expiration of 10 days after the entry of the judgment or upon the denial of a motion for reconsideration."  Ga. R. S. Ct. 60.

560 U.S. 631, 635, 638, 130 S. Ct. 2549, 2554, 2556 (2010) (concluding that the one-year statute of limitations "clock again began to tick" when the state supreme court issued its mandate because, at that time, its decision on the petitioner's habeas petition became final).  Hence, the one-year statute of limitations for filing a § 2254 petition is tolled "as long as the [petitioner's] ordinary state collateral review process is 'in continuance'—*i.e.*, 'until the completion of' that process." *Carey*, 536 U.S. at 219–20, 122 S. Ct. at 2138.

Here, we must determine when Dolphy's state habeas proceedings became complete.  If his proceedings were final 10 days after the Georgia Supreme Court decided to deny his request for a certificate of probable cause, then—as the district court found—he filed his § 2254 petition 17 days after his one-year statute of limitations lapsed.  On the other hand, if the proceedings did not become complete until the Georgia Supreme Court issued the remittitur for the denial, then Dolphy filed his § 2254 petition one day before his limitations period lapsed.

To determine the point at which a petitioner's state habeas proceedings become complete, we look to the state's procedural rules.  *See Wade v. Battle*, 379 F.3d 1254, 1260–62 (11th Cir. 2004) (per curiam).  In Georgia, after a superior court denies a petitioner's state habeas petition, the petitioner must obtain a certificate of probable cause to appeal the denial to the Georgia Supreme Court.  *See* O.C.G.A. § 9-14-52(a).  In other words, the Court's decision to deny an

4

application for a certificate of probable cause disposes of the petitioner's habeas proceedings. *See id.* Thus, once such a decision becomes final, the petitioner's proceedings are complete. This occurs when the remittitur for the decision is transmitted. A Georgia Supreme Court "decision is amendable during the term of rendition and therefore not final until the remittitur is transmitted." *See Radford v. State*, 233 S.E.2d 785, 786 (Ga. 1977); *Ramsey v. State*, 92 S.E.2d 866, 869 (Ga. 1956) ("[D]uring the time before the remittitur is transmitted, this [C]ourt may alter, amend, or set aside its judgments."); *Atkins v. Estate of Callaway*, 763 S.E.2d 369, 371 (Ga. Ct. App. 2014) ("Until the remittitur is issued, the direct appeal is still pending.").

Accordingly, when a state habeas petitioner seeks a certificate of probable cause from the Georgia Supreme Court and the Court denies the request, the petitioner's case becomes complete when the Court issues the remittitur for the denial. *See* O.C.G.A. § 9-14-52(a); *Radford*, 233 S.E.2d at 786; *Ramsey*, 92 S.E.2d at 869; *Atkins*, 763 S.E.2d at 371. This means that the case remains pending—and tolled—under § 2244(d)(2) until the Court issues the remittitur. *See Carey*, 536 U.S. at 219–20, 122 S. Ct. at 2138.

As noted above, Dolphy filed his state habeas petition 280 days after his convictions became final, tolling his one-year statute of limitations. He then filed his § 2254 petition 84 days after that tolling period ended. That is to say, he filed

5

the petition 84 days after the Georgia Supreme Court issued the remittitur for its denial of his request for a certificate of probable cause. As such, only 364 days lapsed on Dolphy's one-year statute of limitations, and his petition was timely, *see* 28 U.S.C. § 2244(d)(1).

## III.    CONCLUSION

We hold that, for purposes of § 2244(d)(2), when the Georgia Supreme Court denies a state habeas petitioner's application for a certificate of probable cause, the petitioner's proceedings remain "pending" until the Court issues the remittitur for the denial. Applying this holding to Dolphy, his § 2254 petition was timely.

**REVERSED AND REMANDED.**

6