**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 5, 2018**

# In the Court of Appeals of Georgia

A17A1719. TEMPLE v. HILLEGASS ET AL.

MCFADDEN, Presiding Judge.

In *Temple v. Hillegas*s, 340 Ga. App. 189 (796 SE2d 899) (2017), we vacated the trial court order dismissing Tandra Temple's appeal for delay in transmitting the record to the appellate court. We directed the trial court to make the findings required by OCGA § 5-6-48 (c) about the delay. Temple now appeals the trial court's post-appeal order that again dismissed her appeal but this time contained those required findings. Because the trial court entered the order before it had received the remittitur from the first appeal, it lacked jurisdiction and its order is a nullity and void. We thus vacate the order and remand the case to the trial court.[1]

---

[1] This is the first opinion implementing our new procedure for overruling our prior opinions. We adopted it under the increased authority over our procedures the

General Assembly afforded us in the Appellate Jurisdiction Reform Act of 2016, Ga. L. 2016, p. 883, § 2-1.

Under our former procedure, whenever a participating judge proposed that one of our prior opinions be overruled, every member of this Court was required to vote on — and so assume full responsibility for — the entire opinion. We adopted that procedure in light of former OCGA § 15-3-1 (d) which provided,

> How decision overruled. It being among the purposes of this Code section to avoid and reconcile conflicts among the decisions made by less than all of the Judges on the court and to secure more authoritative decisions, it is provided that when two divisions plus a seventh Judge sit as one court the court may, by the concurrence of a majority, overrule any previous decision in the same manner as prescribed for the Supreme Court. As precedent, a decision by such court with a majority concurring shall take precedence over a decision by any division or two divisions plus a seventh Judge. A decision concurred in by all the Judges shall not be overruled or materially modified except with the concurrence of all the Judges.

See Ga. L. 2016, p. 883, § 2-1.

OCGA § 15-3-1 (d) now provides, "Decisions as precedent. The Court of Appeals shall provide by rule for the establishment of precedent and the manner in which prior decisions of the court may be overruled."

Accordingly, we revised Court of Appeals Rule 33.3 to provide,

Prior decisions of the Court may be overruled by a single division of the Court after consultation with the other nondisqualified judges on the Court, provided the decision of the division is unanimous. Otherwise, prior decisions of the Court may be overruled after en banc consideration of all nondisqualified judges of the Court by a majority of the participating judges. See OCGA § 15-3-1 (d) (authorizing the Court of Appeals to provide by rule the manner in which prior decisions of the Court may be overruled).

Our consultation procedure is in our Internal Operations Manual. It presently provides for consideration en banc upon the vote of six judges.

Accordingly, we have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required number of judges, however, voted in favor of a hearing en banc on the question of overruling *Monterrey Mexican Restaurant of Wise v. Leon,* 282 Ga. App. 439 (638 SE2d 879) (2006).

"[A]n appellate court maintains jurisdiction over a case until it has issued the remittitur and the remittitur has been received and filed in the clerk's office of the court below. Only then does the trial court regain jurisdiction to take further action with respect to the judgment appealed." *Massey v. Massey*, 294 Ga. 163, 166 (3) (751 SE2d 330) (2013) (citation and punctuation omitted). Since the trial court lacked jurisdiction to enter it, the order Temple appeals is a nullity and void. See *Chambers v. State*, 262 Ga. 200, 201-202 (415 SE2d 643) (1992); *Tavakolian v. Agio Corp.*, 309 Ga. App. 652, 653-654 (1) (711 SE2d 33) (2011).

The appellees "concede[] that the trial court erred by entering the order[], but nevertheless urge[] us to affirm the trial court's order on the basis that [Temple] can show no harm . . . . This [c]ourt, however, cannot ignore the nullity of the trial court's actions." *Atkins v. Estate of Callaway*, 329 Ga. App. 8, 10 (1) (763 SE2d 369) (2014) (physical precedent only). See also *Grant v. State*, 304 Ga. App. 133, 137-138 (2) (695 SE2d 420) (2010) (declining to review for the sake of judicial economy the merits of an order void for lack of jurisdiction), overruled on other grounds by *Mayor & Aldermen of Savannah v. Batson-Cook Co.*, 291 Ga. 114 (728 SE2d 189) (2012).

The appellees cite two cases for the proposition that we should address the merits of the appeal because Temple has not shown harm. The first case, *Dept. of*

4

*Transp. v. Petkas*, 189 Ga. App. 633 (377 SE2d 166) (1988), is distinguishable. It did not involve the appeal of a judgment the trial court lacked jurisdiction to enter. The second case, *Monterrey Mexican Restaurant of Wise v. Leon*, 282 Ga. App. 439 (638 SE2d 879) (2006), does support the appellees' position. In that case, we observed that we had dismissed the appellants' prior appeal for lack of jurisdiction. Id. at 440 n.3. The appeal that was then before the court was an appeal of the amended order entered after our dismissal of the earlier, jurisdictionally-flawed appeal but before the remittitur for the jurisdictionally-flawed appeal had been filed in the trial court. Id. at n. 4. We held that, "[a]lthough the lower court was technically without jurisdiction to enter the [a]mended [o]rder, nonetheless we are entertaining this appeal in the interest of judicial economy." Id. at 440 n. 4.

But, as our Supreme Court has held, this sort of jurisdictional defect cannot be waived. *Tolbert v. Toole*, 296 Ga. 357, 361 (2) (767 SE2d 24) (2014). Thus we must reject the appellees' invitation to ignore the jurisdictional flaw and overrule *Monterrey Mexican Restaurant of Wise*, 282 Ga. App. at 439, to the extent it implies that we can do so.

Temple requests that we order the trial court to reassign the case to another judge since the trial court has twice erroneously dismissed Temple's appeal. We deny

5

Temple's request. Compare *Dowdy v. Palmour*, 251 Ga. 135, 143 (3) (304 SE2d 52) (1983) (deciding that another judge should hear contempt matter on remand where the announcement of punishment was delayed until conclusion of the trial and the original judge had reacted to the contumacious conduct in such manner as to become involved in the controversy); *Newton v. Golden Grove Pecan Farm*, 309 Ga. App. 764, 772-773 (3) ( 711 SE2d 351) (2011) (deciding that another judge should hear contempt matter on remand because original judge could end up being called as a witness).

*Judgment vacated and case remanded. Branch and Bethel, JJ., concur.*