# Court of Appeals
# of the State of Georgia

ATLANTA,  January 03, 2019

*The Court of Appeals hereby passes the following order:*

## A19E0030.  HARRISON v. HARRISON.

Morris Edward Harrison filed this pro se emergency motion for a writ of supersedeas from the Superior Court of Fulton County's order for his arrest upon finding that he remains non-compliant with two prior orders. Specifically, as the superior court explained, on August 29, 2016, it entered an order finding Morris in contempt of a final divorce decree and directed him to satisfy the entire balance of a $214,275.56 SunTrust line of credit by a certain date, and, if he failed to do so, he would be subject to immediate incarceration. He appealed that order to the Supreme Court of Georgia. The Supreme Court of Georgia dismissed the appeal in Case Number S17A1945, and the remittitur issued August 14, 2017. At that point, Morris's right to appeal the August 2016 contempt order was exhausted and the trial court then had jurisdiction to enforce that contempt order. See *Davidson v. Callaway*, 274 Ga. 813, 814 (Ga. 2002) ("It is axiomatic that an appellate court's jurisdiction over a particular case is at an end after the remittitur therefrom has been filed in the office of the court below and the resumption of jurisdiction by a trial court follows immediately upon the reception by its clerk of the remittitur from the appellate court.") (citation, punctuation, and footnote omitted).

Subsequently, on September 21, 2017, the superior court issued an order directing Morris to pay his ex-wife's attorney's fees and litigation expenses in the amount of $29,714.32 finding that he had unnecessarily expanded the contempt proceedings. Additionally, the superior court again ordered Morris to pay the line of credit by a certain date or face incarceration. He filed an application for discretionary appeal with this Court, which we denied in Case Number A18D0156. Morris filed a

petition for a writ of certiorari with our Supreme Court, which was denied on August 2, 2018. The remittitur issued August 8, 2018. At that point, Morris's right to appeal the September 2017 order was exhausted and the order was enforceable. Id.

Thereafter, his ex-wife filed a motion for non-compliance and a petition for contempt. On December 4, 2018, following a hearing, the superior court found that Morris was non-compliant with both of its prior orders, issued an order for his arrest, and directed that he remain incarcerated until such time that he purges himself of his contempt. From this order, Morris seeks a writ of supersedeas. However, as explained above, Morris already exhausted his right to appeal the two prior orders upon which this order was based, and the trial court was merely exercising its jurisdiction to enforce its prior orders. To the extent that Morris asserts that he has a right of direct appeal from the trial court's finding that he was in "indirect contempt" of the September 2017 order directing him to pay attorney's fees, that contention does not support granting a writ of supersedeas. The August 2016 contempt order standing alone supports the superior court's order.

For the reasons set forth above, the emergency motion is hereby DENIED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  01/03/2019*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*