# Court of Appeals
# of the State of Georgia

ATLANTA,  May 16, 2024

*The Court of Appeals hereby passes the following order:*

## A24A0259. TAYLER BROOKE CUNNINGHAM v. MATTHEW JORDAN MCDANIEL.

Tayler Brooke Cunningham ("the mother") and Matthew Jordan McDaniel (the "father") are the parents of a minor child who was legitimated pursuant to a 2015 consent order in which the trial court resolved issues of custody and child support. In 2019, the father filed a "Petition for Modification of Custody and Child Support and Application for Citation of Contempt." In March 2023, the trial court entered an order which modified custody and child support and reserved the issue of attorney fees. In July 2023, the trial court entered an award of attorney fees to the father under OCGA § 19-9-3 (g). The mother filed this direct appeal of the July 2023 order. We, however, lack jurisdiction.

"Appeals from judgments or orders in divorce, alimony, and other domestic relations cases" must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (2), (b). It is true that a direct appeal is proper under OCGA § 5-6-34 (a) (11) from all judgments or orders "in child custody cases" that award, refuse to change, or modify child custody, or orders that hold or decline to hold persons in contempt of child custody orders. On appeal, the mother challenges only the trial court's award of attorney fees to the father. Because neither custody nor contempt is an issue on appeal, this is not a "custody" case within the meaning of OCGA § 5-6-34 (a) (11). See *Voyles v. Voyles*, 301 Ga. 44, 45-47 (799 SE2d 160) (2017) (explaining that appellate courts examine the issue raised on appeal to determine whether a party is entitled to a direct appeal); *Capehart v. Mitchell*, 358 Ga. App. 86, 88 (2) (851 SE2d 846) (2020). Rather, it remains a domestic relations

case in which an application for discretionary appeal is required. See *Davidson v. Callaway*, 274 Ga. 813, 814 (559 SE2d 728) (2002) ("[I]n all domestic relations cases, an appeal from an award of attorney fees must come to this Court via the discretionary appeal procedures set forth in OCGA § 5-6-35.").

"Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). The mother's failure to file a discretionary application deprives this Court of jurisdiction over this appeal, and it is accordingly DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  05/16/2024*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*