[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12264

_____

D.C. Docket No. 1:18-cv-00972-CAP

DARRIAN BRYANT,

Petitioner-Appellant,

versus

BENJAMIN FORD,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 3, 2020)

Before WILSON, JILL PRYOR and LAGOA, Circuit Judges.

JILL PRYOR, Circuit Judge:

Under circumstances that afford appropriate safeguards, a district court may *sua sponte*, without hearing from the State, dismiss as untimely a 28 U.S.C. § 2254 petition for a writ of habeas corpus by taking judicial notice of relevant state-court dates. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652–53 (11th Cir. 2020). As the court did in *Paez*, the district court in this case *sua sponte* dismissed Darrian Bryant's § 2254 petition as untimely. Unlike in *Paez*, however, the district court dismissed Mr. Bryant's petition based on a date that was neither in the record, nor provided by Mr. Bryant, nor expressly judicially noticed—a date that, even if properly judicially noticed, was the wrong one for purposes of calculating the timeliness of Mr. Bryant's petition. After careful review, and with the benefit of oral argument, we conclude that *Paez* does not control this case; we therefore vacate the district court's dismissal of Mr. Bryant's petition and remand for further proceedings.

## I.    BACKGROUND

Mr. Bryant, a Georgia prisoner, filed a § 2254 petition on February 23, 2018, challenging his convictions.[1]  Mr. Bryant's petition included the dates of:  his

---

[1] Mr. Bryant's habeas petition is not dated, but he dated his affidavit in support of his request to proceed *in forma pauperis* February 23, 2018.  The petition was received and filed in the district court on March 5, 2018.  The district court assumed that under the "mailbox rule" Mr. Bryant's petition was filed on February 23, so we do too. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (explaining that under the "mailbox rule," a prisoner's papers are deemed filed on the date of mailing or, absent an indication of the mailing date, the date the prisoner signed them).

judgment of conviction, January 21, 2010; the Georgia Court of Appeals' decision in his direct appeal, June 17, 2020; the Supreme Court of Georgia's denial of certiorari, October 18, 2010; and the date he purportedly filed his state habeas petition, August 20, 2015.  Mr. Bryant listed no dates regarding the disposition of his state habeas petition or any related appeals.

Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  A magistrate judge examined Mr. Bryant's petition and issued a report and recommendation ("R&R") recommending that the district court dismiss the petition as untimely under § 2254's one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1)(A).  The magistrate judge used the dates listed in Mr. Bryant's petition, calculating that his convictions became final on January 18, 2011, 90 days after the Supreme Court of Georgia denied certiorari,[2] and that the federal limitations period expired one year later, in 2012.  Acknowledging that the one-year limitations period is tolled while a properly-filed state habeas petition is pending, *see id.* § 2244(d)(2), the magistrate judge found that Mr. Bryant's state

---

[2] *See* Sup. Ct. R. 13.1 (stating that a petition for a writ of certiorari "is timely when it is filed . . . within 90 days after entry of the judgment" or denial of discretionary review); *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the statute of limitations in § 2244(d) begins to run when the 90-day window in Rule 13.1 expires).

habeas petition, which Mr. Bryant reportedly filed in 2015, could not toll the already-expired limitations period.

Mr. Bryant objected to the R&R, arguing among other things that his petition was timely because his conviction was not final while on appeal. The district court overruled the objections, adopted the magistrate judge's recommendation, dismissed the petition, and denied a certificate of appealability.

The district court's order "crossed in the mail"[3] with a "Motion to Amend Additional Grounds in Support," in which Mr. Bryant averred that he had filed his state habeas petition on October 28, 2011, not August 20, 2015, as stated in his federal petition. Thus, he argued—presumably because a 2011 state habeas petition would have tolled his federal limitations period—that his federal petition was timely. Mr. Bryant requested a hearing and to "be allowed to proceed" on his petition. Doc. 8 at 2.[4]

Without holding the hearing Mr. Bryant requested, the district court granted Mr. Bryant's motion to amend but nonetheless determined that "the new date[] do[es] not change the outcome as recommended by the magistrate judge." Doc. 9 at 2, 4. Specifically, the court found:

> As now revealed by the petitioner, he [initiated] his state habeas proceedings in Telfair County Superior Court on October 26, 2011.

---

[3] Oral Arg. at 14:43-14:46. Mr. Bryant's motion was dated April 18, 2018; the district court's order was entered on April 19.

[4] Citations in the form "Doc. #" refer to the district court's docket entries.

> The state habeas petition was then transferred to Chattooga County on January 30, 2012, then to Ware County on June 18, 2014, and finally to Calhoun County on July 10, 2015. The Calhoun County Superior Court issued its final order denying the petition on August 1, 2016; the petitioner filed . . . . an application for certificate of probable cause on August 30, 2016 and a notice of appeal on September 6, 2016. On October 16, 2017, the Georgia Supreme Court denied the petitioner a certificate of probable cause to appeal. *See Bryant v. Frazier*, No. S17H0268 (Ga. Oct. 16, 2017).

*Id.* at 2. The court calculated that the one-year limitations period ran for 281 days between January 18, 2011—the date Mr. Bryant's conviction became final—and October 26, 2011—the date he filed his state habeas petition. The court found that "[t]he clock began to run again on October 16, 2017 when the Georgia Supreme Court denied the petitioner's application for a certificate of probable cause." *Id.* at 3. At that time, the court found, Mr. Bryant had 84 days of his limitations period remaining. Mr. Bryant's federal habeas petition, deemed filed on February 23, 2018, was filed 130 days after the denial of a certificate of probable cause to appeal, the court found, and therefore untimely.

This is Mr. Bryant's appeal. A judge of this Court granted Mr. Bryant a certificate of appealability on whether the district court erred by determining *sua sponte* that his petition was time-barred.

## II.    STANDARD OF REVIEW

5

We review for an abuse of discretion "a district court's decision to take judicial notice of a fact" and "to *sua sponte* raise the statute of limitations." *Paez*, 947 F.3d at 651.

## III.  DISCUSSION

Mr. Bryant contends that the district court abused its discretion in *sua sponte* dismissing his habeas petition as untimely.  He argues that the court relied on facts not in the record without officially taking judicial notice of them under Rule 201 of the Federal Rules of Evidence.  Even if the district court was entitled to judicially notice the dates relating to his state habeas proceedings, Mr. Bryant further argues, the operative date for determining when tolling ended and the federal limitations clock restarted—the date of remittitur from the Supreme Court of Georgia—was neither judicially noticed *nor* judicially noticeable under these circumstances.  We agree with both arguments.

Rule 201 of the Federal Rules of  Evidence permits a court to "judicially notice a fact that is not subject to reasonable dispute because it" either "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  "'[T]he taking of judicial notice of facts is, as a matter of evidence law, a highly limited process.'"  *Paez*, 947 F.3d at 652 (quoting *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (en banc)).  "'The

6

reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court.'" *Id.* (quoting *Shahar*, 120 F.3d at 214).

Rule 201 contains a safeguard of its own: it provides that "a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed." Fed. R. Evid. 201(e); *see also id.* ("If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard."). In *Paez* we emphasized that the opportunity to be heard has "particular importance in the context of determining the timeliness of § 2254 petitions" and "urge[d] caution" in the taking of judicial notice to *sua sponte* dismiss as untimely a § 2254 petition. *Paez*, 947 F.3d at 652–53. Special care is necessary for several reasons, including that a prisoner may lack access to his legal papers or the Internet, leaving him unable to meaningfully dispute the dates the court notices, and that online state court dockets may not reflect the correct filing date for calculating a prisoner's statute of limitations—the date the prisoner signed or mailed a document. *Id.*

In *Paez*, we held that the district court acted within its discretion when it *sua sponte* dismissed as untimely Mr. Paez's habeas petition. There, a magistrate judge expressly took judicial notice "of the filing dates of Mr. Paez's postconviction motions and the dates of orders resolving those motions, as reflected in state court docket entries for Mr. Paez's criminal cases," and

7

recommended that the petition be dismissed as untimely. *Id.* at 651. The district court adopted the magistrate judge's recommendation, and we affirmed. First, we held that the dates on which the district court relied were "judicially noticeable facts under Rule 201." *Id.* at 652. We emphasized that the state-court dockets containing those dates were available online on the website for the Clerk of the local court, "the public officer responsible for maintaining [the court's] records," and explained that we had "no trouble" visiting the web address and accessing docket sheets using Paez's case numbers. *Id.* at 652 & n.2. Second, we held that "proper safeguards were followed" because the magistrate judge's order allowed Mr. Paez access to the source of the facts of which the court was taking judicial notice so that he had "the ability to dispute the docket sheets" and an opportunity to do so. *Id.* at 653. The magistrate judge permitted Mr. Paez to file objections; Mr. Paez filed them. Mr. Paez did not ask to be heard on the taking of judicial notice, did not dispute the accuracy of the docket entries on which the magistrate judge relied, and "gave no indication he lacked the ability to dispute the docket sheets—because of, say, his lack of an Internet connection." *Id.*

This case is different. Here, in dismissing Mr. Bryant's petition as untimely, the district court relied on the date the Supreme Court of Georgia denied a certificate of probable cause to appeal. This date is a "judicially noticeable fact[] under Rule 201." *Id.* at 652. Unlike the court in *Paez*, however, the district court

8

failed to satisfy Rule 201's requirements. *Id.* at 652–53. The district court neither expressly took judicial notice of any date nor cited to or attached the source it consulted—measures that would have given Mr. Bryant an "ability to dispute the docket sheets." *Id.* at 653. Indeed, the district court's failure to provide any accessible source for deriving the date the court used to calculate the statute of limitations impedes our ability to meaningfully review the source and accuracy of the date. *Id.* at 652–53 & n.2; *see United States v. Johnson*, 877 F.3d 993, 997–98 (11th Cir. 2017) ("Review under an abuse of discretion standard . . . is not simply a rubber stamp. A court must explain its . . . decisions adequately enough to allow for meaningful appellate review. Else, it abuses its discretion." (internal quotation marks and citations omitted)).

Mr. Bryant has disputed the district court's untimeliness decision and averred that he lacks access to the complete state-court record. The taking of judicial notice under Rule 201 is "a highly limited process" that requires courts to take particular care in the habeas context to safeguard prisoners' rights to notice and an opportunity to be heard on the judicially-noticed facts. *Paez*, 947 F.3d at 652. We conclude that proper safeguards were not followed here; therefore, the district court abused its discretion in *sua sponte* dismissing Mr. Bryant's petition as untimely.

We cannot affirm the judgment of the district court despite its error.  The date the Supreme Court of Georgia denied Mr. Bryant a certificate of probable cause to appeal is not the operative date for determining when tolling based on his state habeas petition ended and his federal limitations period restarted.  As Mr. Bryant argues and the Warden acknowledges, the operative date is the date the Supreme Court of Georgia issued its remittitur.  *See Dolphy v. Warden, Cent. State Prison*, 823 F.3d 1342, 1345 (11th Cir. 2016).  The district court did not refer to this date, and Mr. Bryant did not provide it because, he asserts, he does not know it.[5]  The Warden has represented in supplemental briefing that the remittitur "was issued on November 16, 2017," making Mr. Bryant's February 23, 2018 petition untimely by 15 days.  Warden Letter Br. at 7.  But the Warden also has acknowledged that the remittitur date is neither in the record in this case *nor* a matter of public record such that a court could take judicial notice of it.  *See* Fed. R. Evid. 201(b).  Without expressing an opinion as to the timeliness of Mr. Bryant's petition, we remand this case to the district court to determine the correct remittitur date and proceed accordingly.

---

[5] Even if we assume that the district court consulted the docket on the Supreme Court of Georgia's website—to which the court did not cite—the court could not have found the remittitur date, which is not listed there.  *See* Supreme Court of Georgia, *Computerized Docketing System*, No. S17H0268, https://scweb.gasupreme.org:8088/results_one_record.php?caseNumber=S17H0268 (last visited Aug. 3, 2020).

## IV.    CONCLUSION

The district court abused its discretion in dismissing *sua sponte* Mr. Bryant's habeas petition.  We vacate and remand this case for further proceedings consistent with our opinion.

**VACATED AND REMANDED.**