[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12891

_____

D.C. Docket No. 8:17-cv-00648-MSS-JSS

TRAVIS D. TURNER,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 25, 2021)

Before WILSON, GRANT, and TJOFLAT, Circuit Judges.

GRANT, Circuit Judge:

While serving a life sentence in Florida, Travis Turner filed this petition
under 28 U.S.C. § 2254. In his filing, he conceded that the petition was
untimely—and provided the dates to prove it. The district court confirmed that the

petition was late by checking Turner's online state court dockets, and then sua sponte dismissed the petition as untimely.

Turner now argues that the district court erred by taking judicial notice of the online state court dockets without providing him an opportunity to be heard. But Turner himself provided all the information needed to show that his filing was late, and he was given a chance to argue that the district court erred.  We therefore affirm the district court's denial of his petition.

I.

In 2002, Turner was convicted of numerous offenses—including robbery, armed robbery, aggravated battery of a person 65 years or older, and possession of controlled substances.  He was sentenced to life in prison plus 30 years, and his convictions were affirmed on appeal.  *Turner v. State*, 873 So. 2d 480, 480 (Fla. Dist. Ct. App. 2004).

After that unfavorable conclusion, Turner gave up on direct appeals.  Rather than seeking review of his case at the Florida Supreme Court, he filed a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 in the Hillsborough County Circuit Court in December 2005.  Turner's motion was denied in August 2006.  Six years later, he tried again for post-conviction relief, this time through a state habeas petition.  The same result followed; in March 2015, his petition was summarily denied.

At that point, it was on to federal court.  Turner, proceeding pro se, filed a petition under 28 U.S.C. § 2254 in March 2017, challenging both his convictions and his sentence.  Turner's initial petition failed to use the district court's standard

2

form, so the court required an amendment using the proper paperwork. But it first observed that Turner's petition failed "to disclose relevant dates showing when his direct appeal concluded, when he commenced a state post-conviction proceeding, and when that proceeding concluded." Under the Antiterrorism and Effective Death Penalty Act, a state prisoner must file a § 2254 petition within a one-year period of limitations. 28 U.S.C. § 2244(d)(1). The clock for Turner's petition began to run when "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Because Turner did not provide those dates, the court said the petition's timeliness was "not ascertainable."

Turner filed his amended petition using the standard form the next month. This time, he provided dates. The form also required Turner, because his "judgment of conviction became final over one year ago," to explain why "the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar [his] petition." In response, Turner offered a concession: "It is clear that Movant is far beyond the one-year time limit" set in 28 U.S.C. § 2244(d). He also attached unofficial state court documents to the filing, which stated that his direct appeal had concluded in 2004, roughly 13 years earlier. Still, he insisted that his ineffective assistance of counsel and due process claims, in and of themselves, constituted "extraordinary circumstances" justifying relief from the statute of limitations.

The district court found that Turner's petition was untimely and dismissed it without requiring a response from the state. In particular, the court noted that

3

"Turner admits that his petition 'is far beyond the one-year time limit,'" and found his direct appeal had concluded in May 2004.  In a footnote, the court observed that the "online dockets for the Second District Court of Appeal and the Circuit Court for Hillsborough County further confirm Turner's dates."  So using that May 2004 date, the court calculated that Turner's conviction became final 90 days later, in August 2004.  That means the limitations period would have expired one year later, in August 2005.

All this supported Turner's concession that his 2017 petition was indeed filed "far beyond" the time limit.  And because he had not demonstrated entitlement to equitable tolling, the district court dismissed his petition.  Still, the court explained that Turner could move to reopen the action if "he believes that he can show [] that the determination of untimeliness is incorrect."  The court's order also allowed for the possibility that Turner could show that he was actually innocent, or that he was entitled to equitable tolling or "a start of the limitation under a provision other than 28 U.S.C. § 2244(d)(1)(A)."  But rather than move to reopen the action in the district court, Turner sought a certificate of appealability, which the district court denied.  He then moved in this Court for a certificate of appealability.  We granted it on a single issue:  "Whether the district court erred in *sua sponte* determining that Turner's 28 U.S.C. § 2254 petition was time-barred without reviewing the complete, official state court record."[1]

---

[1] Turner now argues in his briefs that the district court also erred when it denied his equitable tolling claim.  That argument would be tough sledding for him; we have recognized that a litigant can plead himself out of court by alleging facts that foreclose a finding of equitable tolling.  *See Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971–72 (11th Cir. 2016) (en

II.

A district court's decision to consider, sua sponte, the timeliness of a state prisoner's habeas petition is reviewed for abuse of discretion. *Paez v. Sec'y, Florida Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020). Its decision to take judicial notice of a fact is also reviewed for abuse of discretion. *Id.*

III.

A district court must dismiss a § 2254 petition without ordering the State to respond if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, R. 4. The Advisory Committee on the Rules Governing § 2254 Cases stated this obligation emphatically: "[I]t is the duty of the court to screen out frivolous applications." Rules Governing § 2254 Cases, R. 4 advisory committee's note; *see also Rodriguez v. Florida Dep't of Corr.*, 748 F.3d 1073, 1076 (11th Cir. 2014) ("Advisory Committee Notes" are a "reliable source of insight into the meaning of a rule" (quotation omitted)). The one-year limitations period found in 28 U.S.C. § 2244 is one of many procedural obstacles that could mean a petition is frivolous, and it is one that the district court can raise sua sponte. *Jackson v. Sec'y for the Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002).

Based on Turner's petition, the latest state court pronouncement in his direct appeal was in 2004. And according to United States Supreme Court rules, a

banc). But we do not consider Turner's equitable tolling argument in any event because "in an appeal brought by an unsuccessful habeas petitioner, appellate review is limited to the issues specified in the COA." *Murray v. United States*, 145 F.3d 1249, 1250–51 (11th Cir. 1998). Here, the certificate of appealability only invites consideration of the district court's decision to review the state court docket.

petition for a writ of certiorari must be filed within 90 days after the state court entry of judgment. Sup. Ct. R. 13. The district court calculated that Turner's state court judgment became final on August 10, 2004. With the filing deadline falling a year after that, his 2017 petition was almost 12 years too late.

Against those facts, it is difficult for Turner to find a reason that the district court's untimeliness decision cannot stand. Indeed, he does not contest the correctness of the dates that he provided or the dates that the court relied on. What he does contest is the district court's authority to corroborate the dates he provided by reviewing online state court dockets. Several problems with this argument come to mind, but an initial one is this: the district court did not need to rely on those online dockets to find that Turner's petition was untimely. Turner himself provided dates that showed his petition was too late and the court found that the state online dockets "further confirm *Turner's dates*." And Turner didn't just provide dates—in his petition, Turner "admit[ted]" that his filing was untimely. We decline to find error because the district court double-checked the dates that Turner had already offered.

Still, Turner contends that the dismissal should be reversed because he did not have the benefit of a magistrate judge's report, or more precisely, the benefit of objecting to a magistrate judge's report. He grounds this requirement in a recent case from this Circuit, *Paez v. Secretary, Florida Department of Corrections*, 947 F.3d 649 (11th Cir. 2020), where we affirmed a dismissal under similar circumstances. There, a magistrate judge, having retrieved the necessary dates from the online state court dockets, recommended dismissing a § 2254 petition sua

6

sponte because it was untimely. *Paez*, 947 F.3d at 651. The district court, over Paez's objections, adopted the report and recommendation, dismissing the case. *Id.* In affirming the district court, we held that the "dates the District Court noticed from the online state court dockets constitute judicially noticeable facts under Rule 201." *Id.* at 652.

That point seems to decide this case, and not in Turner's favor. He argues that *Paez* supports him in any event, because we observed in that opinion that Paez had an opportunity to object to the magistrate judge's report. *Id.* at 653. Under Rule 201(e) of the Federal Rules of Evidence, upon "timely request," a party is "entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed." Turner claims that he, unlike Paez, was denied an opportunity to be heard on whether judicial notice of the online state court dockets was appropriate because no report and recommendation was issued.

But *Paez* provides no relief to Turner. Nowhere in that case did we require a report and recommendation. And though Turner also argues that the district court should have included the relevant state court dockets in the record, we have never required that either. In *Paez*, we only said that including those dockets is a "best practice," not a mandatory one. *Id.* at 653. And it was hardly necessary here, since Turner himself had already admitted that his direct appeal concluded in 2004. What *Paez* did reinforce was "an opportunity to be heard as to the propriety of taking judicial notice." *Id.* at 652 (quotation omitted). That's exactly what the district court gave Turner: an opportunity to reopen his case if he could show that the district court's "determination of untimeliness [was] incorrect." He had 30

7

days to do so, but Turner never moved to reopen his case. Instead, by the time that period expired, he had filed a notice of appeal to this Court. The fact that he declined his opportunity to be heard does not mean that he did not have one.

To be clear, the "opportunity to respond" debate does not change the fact that decides this case: everything that the district court needed to determine timeliness was provided by Turner in his petition. The district court did not need to look at the online state court docket at all. That it did so was a courtesy, not an error, and an extra step by a careful judge provides no reason to reverse the district court's judgment.

*    *    *

When Turner admitted untimeliness and provided the dates to prove it, he eliminated any need for the district court to look elsewhere before dismissing his petition. And despite what he claims, Turner had an opportunity to be heard on the propriety of taking judicial notice here. He simply did not take advantage of it. Accordingly, we **AFFIRM**.

8