[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 19-10913

_____

JAMES MICHAEL FORNEY,

                                                  Petitioner-Appellant,

*versus*

WARDEN,

                                                  Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:18-cv-62794-WPD

_____

Before JORDAN, JILL PRYOR, and MARCUS, Circuit Judges.

PER CURIAM:

The question in this appeal is whether the district court correctly dismissed James Forney's federal habeas corpus petition as untimely. The parties disagree on whether the district court's taking judicial notice of state court dockets is governed by *Paez v. Secretary, Florida Department of Corrections*, 947 F.3d 649 (11th Cir. 2020), or by *Bryant v. Ford*, 967 F.3d 1272 (11th Cir. 2020). As explained below, however, we need not resolve the parties' debate about *Paez* and *Bryant.* The state has argued, *see* Appellee's Br. at 18–21, that any error in taking judicial notice was harmless because Mr. Forney's habeas corpus petition is untimely based on the dates listed in the habeas corpus petition and its appendix. At the end of the day, we agree with the state and affirm.[1]

## I

It is undisputed that Mr. Forney's murder conviction became final on October 3, 2011, when the Supreme Court denied *certiorari* on direct appeal. *See Forney v. Florida*, 565 U.S. 848 (2011). The one-year statute of limitations for filing a federal habeas corpus petition began running that day under 28 U.S.C. § 2244(d)(1)(A). Because Mr. Forney filed his federal habeas corpus petition on November 2, 2018, it was untimely under

---

[1] Because we write for the parties, we presume their familiarity with the record and set out only what is necessary to explain our decision.

§ 2244(d)(1)(A) by just over six years unless there was statutory or equitable tolling. We now address all the filings that, according to Mr. Forney, tolled the limitations period for Claims 2–23 for purposes of § 2244(d)(1)(A).[2]

First, Mr. Forney filed a hybrid civil rights/habeas action in federal court on February 26, 2010, before his conviction had become final. That case, which was dismissed without prejudice on June 8, 2011, did not toll the limitations period under § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) ("[A]n application for federal habeas corpus review is not 'an application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2).").

Second, on March 11, 2011—again before his conviction became final—Mr. Forney filed a state collateral proceeding attacking his life sentence as cruel and unusual punishment. That proceeding ended on January 28, 2014. *See* Pet., D.E. 6-2, at 48. Assuming that this proceeding was a tolling petition under § 2244(d)(2), *see Wall v. Kholi*, 562 U.S. 545, 551–60 (2011), the limitations period was tolled until January 28, 2014.

Third, Mr. Forney filed another state collateral proceeding alleging cruel and unusual punishment on February 10, 2014. By then 13 days of untolled time had elapsed. This proceeding ended

---

[2] We address Mr. Forney's reliance on 28 U.S.C. §§ 2244(d)(1)(B) and 2244(d)(1)(D) as different triggering events for Claim 1 separately in Part II of the opinion.

on April 28, 2015.  *See* App., D.E. 6-3, at 98; Appellant's Br. at 6. Again, assuming that this proceeding tolled the limitations period under § 2244(d)(2), the limitations period began to run on April 28, 2015.

Fourth, Mr. Forney filed his first post-conviction motion under Fla. R. Crim. P. 3.850 on October 9, 2014.  *See* Pet. at 46–47. According to an appendix filed with Mr. Forney's habeas corpus petition, this Rule 3.850 motion was denied as time-barred, and the proceedings were completed on June 10, 2016. See App. at Ex. G, Ex. AG.  Because it was untimely, the first Rule 3.850 motion did not toll the limitations period.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005).  So, by the time that the first post-conviction motion was denied on June 10, 2016, the one-year habeas limitations period—which had begun to run on April 28, 2015—had expired.

Fifth, on September 6, 2016, Mr. Forney filed a second Rule 3.850 motion.  This motion was dismissed as time-barred and successive, and the proceedings ended on May 5, 2017.  *See* Appellant's Br. at 7; App. at 98.  The fact that a Rule 3.850 is dismissed as successive does not prevent it from tolling the limitations period under § 2244(d)(2).  *See, e.g., Drew v. Dep't of Corr.*, 297 F.3d 1278, 1284 (11th Cir. 2002), *overruled on other grounds as recognized by Jones v. Sec'y, Fla. Dep't of Corr.,* 906 F.3d 1339, 1351 (11th Cir. 2018).

The problem for Mr. Forney is that he filed the second post-conviction motion after the one-year limitations period had expired.  Putting aside the 13 days mentioned above, the period began running on April 28, 2015, and ended at the latest on April 28,

2016. Thus, by the time the second post-conviction motion was filed on September 6, 2016, there was no remaining time to toll under § 2244(d)(2). *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). The district court, then, did not err in ruling that Claims 2–23 in Mr. Forney's federal habeas corpus petition were time-barred.

Finally, we address Mr. Forney's contention that the state trial/post-conviction court, due to its "felonious" actions and improper/erroneous consideration of his post-conviction motions, constituted an "impediment" that "prevented" him from filing a federal habeas corpus petition and therefore tolled "all" of the time for the one-year limitations period for Claims 2–23 under 28 U.S.C. § 2244(d)(1)(B). *See* Pet. at 49; Appellant's Br. at 10. "The question . . . is whether [Mr. Forney] was 'prevented' from filing a federal habeas corpus petition by reason of some unconstitutional state action." *Wood v. Spencer*, 487 F.3d 1, 7 (1st Cir. 2007). *See also Earl v. Fabian*, 556 F.3d 717, 727 (8th Cir. 2009) ("The focus of § 2244(d)(1)(B) is on the state's responsibility for creating an impediment to timely filings[.]"). Mr. Forney, despite his claim of a state impediment, has not explained (much less shown) how the state trial/post-conviction court prevented him from learning the bases of Claims 2–23. And without that, he cannot rely on § 2244(d)(1)(B) for the tolling of "all" the time that elapsed after his conviction became final.

## II

This leaves Claim 1, in which Mr. Forney alleged newly discovered evidence that the state trial court tampered with the jury and altered the record on appeal by changing the jury instructions for inclusion in the record in the direct appeal. We analyze the timeliness of Claim 1 separately, as it is based on possible different triggering dates, i.e., 28 U.S.C. §§ 2244(d)(1)(B) (the date on which a state-created impediment is removed) and 2244(d)(1)(D) (the date on which the factual predicate for a claim could have been discovered through the exercise of due diligence). *See generally Zack v. Tucker*, 704 F.3d 917, 926 (11th Cir. 2013) (en banc) ("[T]he statute of limitations in AEDPA applies on a claim-by-claim basis in a multiple trigger date case.").

In his habeas petition, Mr. Forney stated that he learned about the basis for Claim 1 sometime between September 18 and October 8 of 2014. *See* Pet. at 46. He also stated that he was separated from his legal files for 44 days (a state-created impediment) from July 26 to September 18 of 2018. *See id.* at 47.

According to Mr. Forney, he filed his Rule 3.850 motion related to Claim 1 on September 6, 2016, and the post-conviction court denied it two weeks later on September 20, 2016. *See id.* at 6; App. at Ex. D. This proceeding ended on May 5, 2017. *See* Pet. at 6; Appellant's Br. at 7.

As a general matter, under § 2244(d)(1)(D) the one-year period is statutorily tolled while the petitioner exhausts his newly

discovered evidence claim in state court. *See Munchinski v. Wilson*, 694 F.3d 308, 327 (3d Cir. 2012); *Redd v. McGrath*, 343 F.3d 1077, 1083 (9th Cir. 2003). Using the dates set out by Mr. Forney in his petition, the one-year limitations period for Claim 1 ended on May 5, 2017. The habeas corpus petition, filed on November 2, 2018, was untimely even taking into account the tolling for the exhaustion of state remedies. Mr. Forney's lack of access to his legal files from July to September of 2018 does not make a difference because by then the one-year period had already expired.

We note that Mr. Forney tried to reinstate the arguments related to Claim 1 with yet another Rule 3.850 motion (his third) on July 28, 2017. *See* Pet. at 4; Appellant's Br. at 8. The state post-conviction court denied this motion on September 19, 2017. *See* Pet. at 4; App. at Ex. F. It ruled that the motion was successive. It also concluded that the alleged "newly discovered" evidence consisted of documents that were "Bates" stamped with the same page numbers as for the original direct appeal, and that as a result they were not newly discovered. See App. at Ex. F. The Fourth District Court of Appeal affirmed the denial of this motion on February 28, 2018. *See Forney v. State*, 238 So. 3d 839 (Fla. 4th DCA 2018). The Florida Supreme Court denied review on June 26, 2018. *See Forney v. State*, No.: SC18-750, 2018 WL 3154773 (Fla. June 26, 2018); Pet. at 98.

As to this Rule 3.850 motion, Mr. Forney does not challenge the state post-conviction court's determination that the evidence he presented was not newly discovered. That determination, then,

means that Mr. Forney did not present newly discovered evidence. As a result, the third Rule 3.850 motion did not toll the one-year limitations period under § 2244(d)(1)(D). *See Sistrunk v. Rozum*, 674 F.3d 181, 188–89 (3d Cir. 2012) (deferring to state court's finding that evidence was not newly discovered in applying § 2244(d)(1)(D)).

## III

We affirm the district court's ruling that Mr. Forney's habeas corpus petition is untimely.

**AFFIRMED.**