[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-13068

Non-Argument Calendar

_____

TERRENCE THOMAS,

                                                Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,

                                                Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-61287-AHS

_____

Before LUCK, LAGOA, and EDMONDSON, Circuit Judges.

PER CURIAM:

Terrence Thomas, a Florida prisoner now represented by counsel on appeal, appeals the district court's *sua sponte* dismissal of Thomas's *pro se* 28 U.S.C. § 2254 petition as time-barred. In his section 2254 petition, Thomas sought to challenge his Florida conviction for armed home-invasion robbery and his resulting 30-year sentence. No reversible error has been shown; we affirm.

Thomas filed *pro se* his section 2254 petition on 17 June 2021. In an attached memorandum, Thomas conceded expressly that his petition was untimely filed. Thomas listed the pertinent dates for calculating timeliness and concluded that his petition was filed after the statute-of-limitations had expired. Nevertheless, Thomas argued that he was entitled to equitable tolling based on the supposed ineffective assistance of his post-conviction lawyer and based on Thomas's limited access to the prison's law library due to the COVID-19 pandemic.

The district court took judicial notice of the electronic state-court dockets in Thomas's underlying criminal and collateral proceedings. The district court also ordered that those state-court dockets be entered into the record and be mailed to Thomas.

In a separate order filed several days later, the district court dismissed *sua sponte* Thomas's petition as time-barred. Relying on the judicially-noticed state-court dockets, the district court

determined that Thomas's conviction became final on 11 July 2018. The district court then calculated that a total of 519 untolled days had elapsed before Thomas filed his section 2254 petition: (1) 202 days between the date Thomas's conviction became final (11 July 2018) and the date Thomas filed his first state post-conviction motion (29 January 2019); and (2) 317 days between the state appellate court's order denying rehearing *en banc* on Thomas's second state post-conviction motion (4 August 2020) and the filing of Thomas's section 2254 petition (17 June 2021). The district court thus determined that Thomas's petition was barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A).[1] The district court concluded further that Thomas had failed to demonstrate circumstances sufficient to warrant equitable tolling or to otherwise justify an exception to the pertinent statute of limitations.

Thomas appealed the district court's decision. We granted a certificate of appealability on this issue: "Whether the district court erred by *sua sponte* determining that Thomas's 28 U.S.C. § 2254 habeas petition was time-barred and taking judicial notice of dates from electronic state-court dockets without giving the parties notice and an opportunity to present their positions?"

We review for abuse of discretion a "district court's decision to consider, *sua sponte*, the timeliness of a state prisoner's habeas

---

[1] The district court concluded that the events for triggering the limitations period under 28 U.S.C. § 2244(d)(1)(B), (C), or (D) were inapplicable to Thomas's case.

4                    Opinion of the Court                    21-13068

petition." *See Turner v. Sec'y, Dep't of Corr.*, 991 F.3d 1208, 1211 (11th Cir. 2021).  We also review for abuse of discretion a district court's "decision to take judicial notice of a fact." *See id.*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute-of-limitations for filing a section 2254 petition, which begins to run on "the date on which the judgment became final."  28 U.S.C. § 2244(d)(1)(A).  A "properly filed application for State post-conviction or other collateral review" tolls the AEDPA limitations period while the state habeas petition is pending.  28 U.S.C. § 2244(d)(2).

A district court may consider *sua sponte* the timeliness of a state prisoner's habeas petition as long as the court gives the "parties fair notice and an opportunity to present their positions." *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006).  We have said that -- in assessing *sua sponte* the timeliness of a habeas petition -- a district court may take judicial notice of electronic state-court dockets provided the petitioner is thereafter given "an opportunity to be heard as to the propriety of taking judicial notice." *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652-53 (11th Cir. 2020) (concluding that the district court abused no discretion in taking judicial notice of state-court dockets and in dismissing *sua sponte* a section 2254 habeas petition as time-barred because the habeas petitioner had an opportunity -- in his objections to the magistrate judge's report and recommendation -- to challenge the propriety of the judicial notice and to present his arguments about timeliness).

On appeal, Thomas contends the district court erred in dismissing *sua sponte* his petition without providing him an opportunity to be heard on the propriety of the taking of judicial notice. We disagree.

When -- as in this case -- a petitioner concedes that his petition is untimely and "provide[s] the dates to prove it, he eliminate[s] any need for the district court to look elsewhere before dismissing his petition." *See Turner*, 991 F.3d at 1212. Given Thomas's presentation of the pertinent dates and his own admission that his petition was untimely-filed, the district court had discretion to dismiss *sua sponte* Thomas's petition as time-barred without looking to the state-court dockets at all. That the district court consulted -- and took judicial notice of -- online state-court dockets to confirm Thomas's assertion that his petition was untimely-filed was "a courtesy, not an error." *See id.* (rejecting a petitioner's challenge to the district court's authority to corroborate dates listed in his petition by reviewing online state-court dockets: "an extra step by a careful judge provides no reason to reverse the district court's judgment").[2]

Moreover, we reject Thomas's contention that he was denied an adequate opportunity to be heard. First, contrary to Thomas's assertion on appeal, the district court was not required

---

[2] We note that never has Thomas disputed that his petition was in fact untimely-filed or disputed the accuracy of the dates upon which the district court relied in making a determination about timeliness.

to refer the matter to a magistrate judge for a report and recommendation before dismissing Thomas's petition on timeliness grounds. *See Turner*, 991 F.3d at 1212. Second, we concluded in *Turner* that the petitioner had an adequate opportunity to be heard on the propriety of taking judicial notice because the petitioner could have moved to reopen the case. *See id.* Like the petitioner in *Turner*, Thomas was free to challenge the propriety of the district court's taking of judicial notice by moving to reopen under Fed. R. Civ. P. 59(e) or 60(b). *See* Fed. R. Civ. P. 59(e) (providing that a motion to alter or to amend the judgment may be filed within 28 days after judgment is entered); Fed. R. Civ. P. 60(b) (setting forth the grounds upon which a district court may relieve a party from a final judgment, including "mistake" or "inadvertence"); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (a Rule 59(e) motion may be used to correct "manifest errors of law or fact").

That the district court provided no express instruction to Thomas about the procedural rules for moving to reopen did not deprive Thomas of his opportunity to be heard. Although courts must construe liberally *pro se* pleadings, *pro se* litigants are expected to "conform to procedural rules" and a court has no "license to serve as *de facto* counsel for a party." *See Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). That Thomas chose to appeal the district court's decision instead of moving to reopen does not mean he was denied the opportunity to be heard in the district

21-13068               Opinion of the Court                    7

court. *See Turner*, 991 F.3d at 1212 (explaining that, when a petitioner files a notice to appeal instead of moving to reopen his case, "[t]he fact that he declined his opportunity to be heard does not mean that he did not have one").

AFFIRMED.