[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 22-14075

Non-Argument Calendar

————————————

STEPHEN ADDERLEY,

                                        Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-23761-RAR

————————————

Before WILLIAM PRYOR, Chief Judge, and ROSENBAUM and GRANT, Circuit Judges.

PER CURIAM:

Stephen Adderley, a federal prisoner, appeals *pro se* the *sua sponte* dismissal of his motion to vacate. 28 U.S.C. § 2255. We issued a certificate of appealability on the issue whether the district court abused its discretion, under *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649 (11th Cir. 2020), in dismissing Adderley's motion as untimely without permitting him to respond. We affirm.

In 2019, Adderley pleaded guilty to conspiring to possess with intent to distribute heroin and fentanyl, 21 U.S.C. § 846, and was sentenced as a career offender, U.S.S.G. § 4B1.1(b), to 262 months of imprisonment. His career-offender designation was predicated on Florida convictions for conspiring to possess with intent to distribute cocaine, possessing with intent to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base, and conspiring to possess with intent to distribute 28 grams or more of cocaine base. Adderley did not appeal.

In 2022, over three years after his conviction became final, Adderley filed a motion to vacate, 28 U.S.C. § 2255, and argued that he no longer qualified as a career offender. Citing our now-vacated decision in *United States v. Jackson*, 36 F.4th 1294 (11th Cir.) ("*Jackson I*"), *superseded*, 55 F.4th 846 (11th Cir. 2022), *aff'd sub nom*, *Brown v. United States*, No. 22-6389 (U.S. May 23, 2024), he argued that his predicate Florida cocaine convictions no longer qualified because,

at the time of his federal conviction, ioflupane had been removed from the federal drug schedules but not the Florida drug schedules. Adderley also argued that his two predicate convictions for conspiring to distribute cocaine and cocaine base no longer qualified because section 4B1.2(b) did not include "inchoate drug crimes." Regarding the timeliness of his motion, Adderley asserted that his motion was timely under 28 U.S.C. § 2255(f)(3) because "*Jackson* announced a substantive rule that is retroactive to cases on collateral review."

The district court *sua sponte* dismissed Adderley's motion. It ruled that the motion was untimely under any limitation period, 28 U.S.C. § 2255(f), because the motion was not filed within one year of his conviction becoming final, *id.* § 2255(f)(1), and *Jackson* was a then-vacated decision of this Court and did not constitute a right "recognized by the Supreme Court," *id.* § 2255(f)(3). It explained that no other limitation period applied because Adderley asserted no "impediment" to his motion, *id.* § 2255(f)(2), or any date on which a new factual predicate "could have been discovered," *id.* § 2255(f)(4). And it explained that Adderley alleged no facts supporting any "equitable exceptions to timeliness," such as equitable tolling or actual innocence.

We review the decision to raise *sua sponte* the statute of limitations for abuse of discretion. *Paez*, 947 F.3d at 651; *see Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (recognizing that the legal principles applicable to section 2254 proceedings generally apply to section 2255 proceedings). We review the determination

that a motion to vacate is untimely *de novo*. *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017).

The one-year limitation period to file a motion to vacate runs from the latest of the following four dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings.

In *Paez*, we held that untimely habeas petitions are subject to dismissal at the screening stage under Rule 4, which requires district courts to dismiss petitions that are "legally insufficient on

[their] face," if the court provides the petitioner with notice and an opportunity to be heard. *Paez*, 947 F.3d at 653 (internal quotation marks omitted). We explained that the district court did not abuse its discretion when it dismissed a petition that it had determined to be untimely without ordering the State to respond because it provided the petitioner with "notice of its decision and an opportunity to be heard in opposition." *Id.*

In his initial brief, Adderley does not challenge the *sua sponte* dismissal of his motion as untimely. Instead, he argues that the district court erred by dismissing his motion as untimely without considering sections 2255(f)(2) and 2255(f)(4). He also argues that the district court failed to address the merits of his career-offender arguments. *See Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (en banc). We do not address this argument because the certificate we issued is limited to the *sua sponte* dismissal. *See Steiner v. United States*, 940 F.3d 1282, 1294 (11th Cir. 2019).

The district court did not abuse its discretion. Adderley's motion stated that he was sentenced in 2019 and that he filed no direct appeal or motion for post-conviction relief until he filed the instant motion three years later. The district court did not venture beyond the record to take notice of dates to which Adderley lacked access in determining that his motion was untimely under section 2255(f)(1). *See Bryant v. Ford*, 967 F.3d 1272, 1275–76 (11th Cir. 2020). Moreover, Adderley's motion listed each of the four limitation provisions and invoked section 2255(f)(3) based on an alleged new constitutional right in *Jackson I*. Indeed, the motion form

instructed Adderley to explain why the one-year limitation period did not bar his motion, and he argued on that form and in his attached memorandum that *Jackson I* recognized a new constitutional right that made his motion "timely under §[ ]2255(f)(3)." The district court also did not err in determining that section 2255(f)(3) did not apply because *Jackson I* and the other cases he cited were not decisions of the Supreme Court. *See* 28 U.S.C. § 2255(f)(3); *Dodd v. United States*, 365 F.3d 1273, 1280 (11th Cir. 2004). The district court also considered whether Adderley's arguments could satisfy sections 2255(f)(2) and 2255(f)(4) and correctly concluded that they could not. Because Adderley was afforded notice of the limitation periods, had an opportunity to argue that his motion was timely, and provided the district court with sufficient information to assess the timeliness of his motion, the district court did not abuse its discretion in *sua sponte* dismissing his motion. *See Turner v. Sec'y, Dep't of Corr.*, 991 F.3d 1208, 1211 (11th Cir. 2021); *Paez*, 947 F.3d at 651, 653.

We **AFFIRM** the dismissal of Adderley's motion to vacate.