[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10582

Non-Argument Calendar

_____

MARC REGISME,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cv-80640-AHS

_____

2                      Opinion of the Court                    23-10582

Before JILL PRYOR, TJOFLAT, and WILSON, Circuit Judges.

PER CURIAM:

Marc Regisme, a Florida prisoner, appeals the District Court's sua sponte dismissal of his *pro se* 28 U.S.C. § 2254 petition as untimely. The question before us is whether the District Court abused its discretion in dismissing Regisme's petition without first allowing him time to respond to its timeliness determination. Regisme contends that he could have proved the timeliness of his petition had he been given the chance. We conclude otherwise.

## I.

Regisme is serving a 15-year sentence for armed heroin trafficking and related offenses. On April 25, 2022, he filed a § 2254 petition claiming that he had ineffective assistance of counsel. According to Regisme, his petition was timely because his "direct appeal became final" on April 20, 2018, and then he filed a Fla. R. Crim. P. 3.850 motion on August 26, 2019.[1] The denial of that motion, he asserted, was affirmed on February 24, 2022.

In an "Order of Directions to Clerk," the District Court took judicial notice of Regisme's online state trial court docket, sentencing documents, and appellate docket affirming the denial of his

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides for a one-year statute of limitations for state prisoners wishing to file a federal habeas petition. 28 U.S.C. § 2244(d)(1).

23-10582                 Opinion of the Court                 3

Rule 3.850 motion. The District Court directed the clerk to mail a copy of these documents to Regisme.

The next day, the District Court sua sponte dismissed Regisme's federal habeas petition as untimely. It determined that Regisme's conviction became final on June 20, 2018, 90 days after the state appellate court affirmed his convictions and the period for seeking review from the U.S. Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1). After accounting for tolled periods during state post-conviction proceedings, the District Court concluded that 419 untolled days had elapsed—well beyond the one-year limitations period imposed by the AEDPA. *See id.*

Regisme sought relief through post-judgment motions under Fed. R. Civ. P. 60(b) and a motion for rehearing, both of which the District Court denied. On appeal, we issued a Certificate of Appealability (COA) limited to one question: "Whether the district court abused its discretion, under *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649 (11th Cir. 2020), in dismissing Regisme's petition as untimely without permitting him to respond?"

## II.

The linchpin of Regisme's argument is that the District Court acted too hastily in dismissing his petition just one day after taking judicial notice of his state court docket. He claims that, if he had a chance to respond, he could have shown the petition's timeliness.

4                    Opinion of the Court                    23-10582

We review the District Court's decision to consider the timeliness of a state prisoner's habeas petition for abuse of discretion. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020).

In *Paez*, we upheld the dismissal of a habeas petition where a magistrate judge took judicial notice of state court records, recommended dismissal, and gave the petitioner an opportunity to object. *Id.* at 654–55. Although *Paez* reaffirmed that a habeas petitioner must have "an opportunity to be heard as to the propriety of taking judicial notice," it did not explicitly require that opportunity to precede dismissal. *See id.* at 653 (citing *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1205 (11th Cir. 2004)); *accord Turner v. Sec'y, Dep't of Corr.*, 991 F.3d 1208, 1212 (11th Cir. 2021). We have since clarified that the opportunity to be heard may occur post-dismissal, as long as the petitioner has a meaningful chance to challenge the court's timeliness determination. *Turner*, 991 F.3d at 1212.

That standard is met here. Regisme filed two post-judgment motions—neither of which addressed the District Court's timeliness calculation or explained why its sua sponte dismissal was improper. Nor has Regisme articulated, either below or on appeal, any reason to doubt the District Court's conclusion that his petition was untimely. Because Regisme made no showing that his petition was timely, his claim that he lacked an opportunity to respond to the District Court is without merit. *See id.* at 1212. We affirm.

**AFFIRMED.**