[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10959

_____

ADAM BROOKS,

Plaintiff-Appellant,

*versus*

CITY OF SOUTHSIDE, ALABAMA,
BRANDON GUFFEY,
CHRISTOPHER SCOTT JONES,
BLAKE RAGSDALE,
WALLY BURNS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:21-cv-00142-CLM

_____

Before NEWSOM, BRASHER, and ED CARNES, Circuit Judges.

BRASHER, Circuit Judge:

This appeal is about the denial of a *pro se* litigant's motion to proceed anonymously. Someone filed a *pro se* complaint under the pseudonym Adam Brooks. Brooks alleged violations of the United States Constitution and Alabama state law related to his arrest and prosecution. The defendants moved to dismiss Brooks's complaint due to its anonymous nature. The district court allowed Brooks to file a motion under seal to explain why he should be allowed to proceed anonymously. Brooks did so, and he revealed sensitive, personal information that he thought would come up during the litigation. The district court discussed the sensitive information in Brooks's filing in a public order and then gave him the choice of filing a non-anonymous complaint or dropping his suit. Brooks asked the district court to reconsider its order and to seal it, arguing that the district court's public order undermined its conclusion that the information he filed under seal would not be disclosed in the litigation. The district court declined to reconsider its order, but it granted Brooks's request to seal it.

The district court did not abuse its discretion in denying Brooks's initial request to proceed anonymously. The district court

properly invoked our presumption against anonymous pleading, and it applied the right test from our precedents. The district court reasonably concluded that the litigation would not require Brooks to disclose information of the utmost intimacy or admit that he intended to engage in illegal conduct.

But we believe the district court abused its direction in denying Brooks's reconsideration motion without explaining how the disclosure of his allegedly sensitive information affected its analysis. The district court's ruling on Brooks's initial anonymity motion was based, in large part, on the premise that Brooks would not be compelled to disclose in the litigation the sensitive information that he had filed under seal. But, after inviting Brooks to file that same information under seal, the district court's public order *did* disclose that sensitive information on the public docket. The district court did not explain how that change in circumstances played into its decision, and we cannot conduct that analysis in the first instance. Accordingly, we vacate the district court's order and remand for further proceedings.

## I.

Under the pseudonym "Adam Brooks," a *pro se* plaintiff sued a host of defendants in federal court. The claims arose from an arrest and criminal case. Specifically, Brooks alleged constitutional violations under 42 U.S.C. § 1983 and claims under Alabama state law.

Some of the defendants moved to dismiss Brooks's amended complaint "because [he] filed it under a false name." Brooks

responded that he had "legitimate privacy concerns that me[t] the Eleventh Circuit's criteria for proceeding anonymously." Brooks then filed a motion asking the district court "for an ex parte, in-camera review of his motion to proceed anonymously in order to protect his privacy." The district court allowed Brooks to file a motion to proceed anonymously under seal, but the district court explained to Brooks that the defendants and their counsel could view the materials. Brooks then filed under seal his motion to proceed anonymously, in which he revealed the sensitive information that he believed warranted proceeding anonymously.

In a public order, the district court denied Brooks's motion to proceed anonymously in large part because it concluded that the litigation would not require Brooks to disclose the information he had filed under seal. In ruling on the motion, however, the order discussed that sensitive information in detail.

About one month later, Brooks filed a sealed Rule 59(e), Fed. R. Civ. P., motion to alter or amend. Brooks asserted that the district court had "publiciz[ed] his private information," which justified allowing him to proceed anonymously.

The next day, the district court retroactively sealed its public order, but otherwise denied Brooks's motion. The district court denied Brooks's renewed request for anonymity, saying only that it reached that conclusion "after careful review of the plaintiff's arguments in support of reconsideration of the anonymity ruling." The complaint was eventually dismissed because Brooks failed to file a non-anonymous amended complaint.

22-10959              Opinion of the Court                  5

Brooks appealed. Brooks, through counsel,[1] filed a motion to continue to proceed under a pseudonym on appeal, which we now grant.

## II.

We review for abuse of discretion the denial of a plaintiff's request to proceed anonymously and the denial of a motion for reconsideration under Rule 59. *See Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

## III.

Brooks argues that the district court abused its discretion in two respects. First, he says that the district court should have allowed him to proceed anonymously from the beginning. He says that the lawsuit turns on especially sensitive personal details and challenges unconstitutional government action. Second, and in the alternative, he says that the district court should have reconsidered its order after it disclosed his private information on the public docket. Given that this information has been injected into the case, Brooks says that he cannot be expected to file a public complaint that will link him to the personal details that the district court previously concluded were not likely to be disclosed.

We will address each contention in turn.

---

[1] We appointed Justin Miller to represent Brooks on appeal, and we thank him for his service to the Court.

Starting with the initial motion, we cannot say the district court abused its discretion in requiring Brooks to proceed in his own name. Ordinarily, we require that parties to a lawsuit proceed "in their own names." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). And a party may overcome this "strong presumption" against anonymous pleading only if he can establish "that he 'has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* at 1315–16 (quoting *Frank*, 951 F.2d at 323).

When a plaintiff wishes to proceed anonymously, we begin by employing "the three-part *SMU* test" from *Southern Methodist University Ass'n of Women Law Students v. Wynne & Jaffe* (*SMU*), 599 F.2d 707, 708 (5th Cir. 1979). *Francis*, 631 F.3d at 1316. "First," we ask whether "the plaintiff[ ] seeking anonymity [is] challenging governmental activity." *Id.* "Second," we ask whether the plaintiff will "be required to disclose information of the utmost intimacy." *Id.* "Third," we ask whether the plaintiff will "be compelled to admit [his] intention to engage in illegal conduct and thus risk criminal prosecution." *Id.* After considering the *SMU* test, we may consider other factors, including whether the plaintiff is a minor, or whether the plaintiff will face a threat of physical harm by proceeding in his own name. *Id.*

The district court reasonably concluded that Brooks's complaint—which, on its face, presents claims related to an alleged wrongful arrest and malicious prosecution—did not warrant anonymity. Nothing about Brooks's complaint and his legal claims

would have required him "to disclose information of the utmost intimacy" or would have "compelled [him] to admit [his] intention to engage in illegal conduct." *Id.* Brooks, in his sealed filing, provided additional, sensitive, information that he contended warranted anonymity. But the district court was within its discretion to conclude that (1) Brooks's additional information was not central to his claims and (2) Brooks's additional information was unlikely to emerge in the litigation.

Although the district court did not abuse its discretion by denying Brook's initial motion, we believe the district court erred when it denied Brooks's motion for reconsideration without explanation. The district court had directed Brooks, a *pro se* litigant, to file his motion to proceed anonymously under seal. In that motion, Brooks disclosed sensitive, personal information that, he believed, justified litigation under a pseudonym. Despite allowing Brooks to file his motion under seal, the district court disclosed Brooks's personal information in a public order such that, if Brooks later revealed his true identity under the same case number, his private information could be public.

Brooks argues that, by making his private information public in its order, the district court changed the facts about whether Brooks should be able to proceed anonymously. We agree. The district court made no finding in its initial order about whether the information in Brooks's sealed filing would have warranted anonymity if it had been central to his complaint or likely to have been divulged during the litigation. Instead, the heart of the district

court's analysis in denying Brooks's initial motion was its conclusion that the litigation would not require Brooks to disclose the information that he had filed under seal. But, in some respects, the district court's order did just that—it put the information that Brooks had filed under seal on the public docket.

When the facts underlying its decision are not correct, a district court has abused its discretion. *See Am. C.L. Union of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009) ("An abuse of discretion occurs if the district court bases its decision on an erroneous factual premise."). But we do not know why the district court denied Brooks's reconsideration motion. Although the district court said that it had "careful[ly] review[ed]" Brooks's arguments, it did not explain why it left unchanged its earlier ruling—premised on the fact that the litigation would not expose Brooks's personal information. It may be that the district court concluded that, in hindsight, it should not have allowed Brooks to file the material under seal in the first place. Or it may be that the district court thought that the retroactive sealing of its order returned the case to the status quo ante. Or it may be that the district court thought that, even if Brooks's personal information were irretrievably disclosed, the balance of factors still weighed against anonymity. Or it may have been for some other reason.

Because we are not sure why the district court denied the motion for reconsideration, we are not able to consider whether the district court abused its discretion. "A court must explain its decisions adequately enough to allow for meaningful appellate

review." *Bryant v. Ford*, 967 F.3d 1272, 1276 (11th Cir. 2020) (citation modified). On remand, the district court should review Brooks's renewed request to remain anonymous in the light of the order's exposure of the information in Brooks's sealed filing. The district court may wish to make fact findings about whether its public order meaningfully affected Brooks's privacy. It may also wish to consider if any intermediate measures short of anonymity are appropriate to safeguard Brooks's under-seal information.

## IV.

We **GRANT** Brooks's motion to proceed anonymously on appeal. We **VACATE** and **REMAND** for further proceedings consistent with this opinion.